SECURITY SAVINGS BANK AND TRUST COMPANY v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY et al. MAIN STREET SAVINGS BANK AND TRUST COMPANY v. SAME. LOS ANGELES SAVINGS BANK v. SAME.

Nos. 14,885, 14,886, 14,887; August 31, 1893.

34 Pac. 437.

Taxation—Omission of Property.—An Order of the Board of Equalization finding that a bank has omitted property from the list of its taxable property, and should be assessed thereon, and directing the assessor to add such property to its assessment, is not an attempt by the board to add property to the list, and exercise assessorial powers, but is a direction that the assessor make such addition, though the order specifies the value of the property to be added, and is authorized by Political Code, section 3681, requiring the assessor, at the request of the board, to list and assess property which he has failed to assess.

Taxation—Omitted Property.—Political Code, Section 3681, under which the assessor is required, at the request of the board of equalization, to list and assess property which he has failed to assess, which section the city charter of Los Angeles makes applicable to the common council, sitting as a board of equalization, does not conflict with the constitutional provisions which define the powers and duties of state and county boards of equalization, and which do not give the power to cause property to be added to the assessment list, since it merely extends the power and duty of the assessor.

Taxation—Board of Equalization.—A Notice to a Bank to Appear Before the board of equalization, and show cause why its "assessment on solvent credits should not be increased from $2,774 to $275,000," sufficiently informs it that it is proposed to add property to the assessment.

Taxation—Board of Equalization.—A Person Appearing Before the board of equalization in response to a notice, and submitting to the action of the board, waives any defect in the notice.

Taxation—Board of Equalization.—A Finding by the Board of equalization that a person has omitted taxable property from his list to a certain amount is conclusive on the courts on writ of review, since Code of Civil Procedure, section 1074, provides that the review on such writ cannot be extended further than to determine whether the inferior tribunal or board has regularly pursued its authority.

Taxation—Board of Equalization—Omitted Property.—Even if the fact that property has been so omitted is necessary to give the board jurisdiction, the court cannot review the evidence to determine whether there was evidence to show such fact, since the fact is one to be determined by the board.

APPEAL from Superior Court, Los Angeles County; William P. Wade, Judge.

Petitions by the Security Savings Bank and Trust Company, Main Street Savings Bank and Trust Company, and Los Angeles Savings Bank for a writ to review an order of the board of supervisors of Los Angeles county, sitting as a board of equalization, directing property to be added to the assessments of petitioners. From a judgment annulling the order the board appeals. Reversed.

James McLachlan, Waldo M. York and B. M. Marble for appellant; Graves, O'Melveny & Shankland for respondents.

PER CURIAM.—In Farmers & Merchants' Bank v. Board of Equalization, 97 Cal. 318, 32 Pac. 312, most of the ques-

tions involved in this appeal were determined adversely to the respondent. The additional point now presented, that the legislature could not confer upon the state board of equalization authority to extend the time within which the county board of equalization could act, must also, under the principles declared in that case, be determined against the respondent; and, upon the authority of that case, the judgment is reversed.