[S. F. No. 8544.  In Bank.—November 8, 1917.]

# CHARLES M. FICKERT, Petitioner, v. J. H. ZEMANSKY, Registrar, et al., Respondents.

CERTIORARI—OFFICE OF WRIT.—The writ of review can be granted only where the jurisdiction of an inferior tribunal has been exceeded.

ID.—JUDGMENT OF INFERIOR TRIBUNAL — HOW FAR CONCLUSIVE.—In proceedings by *certiorari*, the action of the inferior tribunal sought to be reviewed is final and conclusive upon every question except the mere question of power.

ID.—ELECTION LAW—SAN FRANCISCO CHARTER—RECALL OF OFFICERS—SUFFICIENCY OF PETITION.—In determining whether or not a petition for the recall of an officer conforms to all legal requirements of the charter of San Francisco relating thereto, and whether or not it contains signatures of the requisite number of registered voters, the extent of the inquiry to be made by the registrar of voters, in the exercise of the jurisdiction confided to him by the charter, including the determination of what evidence he shall take and what he shall reject, is left to the discretion of the registrar, and, if he mistakenly refuses to receive proof that he should accept and consider, the error is, at most, an error of law committed in the exercise of his jurisdiction, and cannot be considered in *certiorari*.

ID.—RECALL PETITION—ABUSE OF DISCRETION.—Whether a clear abuse of discretion by the registrar of voters of San Francisco, in determining the question of the sufficiency of a petition for the recall of an officer could be reached by *mandamus* is a question suggested by the court but not decided.

APPLICATION for a Writ of Review to be directed against J. H. Zemansky, Registrar of Voters of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Harry I. Stafford, and Aylett R. Cotton, for Petitioner.

Grover O'Connor, and U'Ren & Beard, *Amici Curiae,* for Petitioner.

Thomas V. Cator, for Respondents.

Grover O'Connor, *Amicus Curiae,* for R. E. Baines, Citizen and Taxpayer.

SHAW, J.—The plaintiff filed in this court an application for a writ of review to annul a certificate of the sufficiency of a petition for his recall as district attorney, issued by the defendant Zemansky, as registrar of voters of the city and county of San Francisco, and asking that in the meantime, and until the hearing of his application, the board of election commissioners of said city and county be restrained from calling such election. An order upon the defendants to show cause why an alternative writ of review should not issue was thereupon made. The matter has been presented and submitted to the court upon said order to show cause. The question for determination is whether or not the allegations of the petition are sufficient to authorize the issuance of such writ of review.

The matter in controversy was considered at some length in the case of *Baines* v. *Zemansky, ante,* p. 369, [168 Pac. 565], that case being an application by the plaintiff therein for a writ of mandate to compel the registrar of voters to proceed with his investigation as to the sufficiency of said petition, and thereupon to certify the result of such examination. The registrar in that case, by way of answer, stated that he had failed to make said certificate because he was restrained from so doing by a writ of prohibition and by a restraining order, each issued out of the superior court of said city and county, in two certain actions pending therein. The allegations of the present petition for a writ of review are in substance a repetition of the allegations of the respective complaints in the two actions in the superior court mentioned in the former proceeding and set up in the answer of the registrar.

On July 21, 1917, James A. Young, Nellie Harpold, and A. P. Carroll filed with the board of election commissioners a petition for the recall of said Fickert as district attorney, signed by 15,214 persons. Thereupon the registrar, upon investigation, found that the same contained only 10,219 legal signatures, and refused to certify the same as sufficient. Within twenty days thereafter the said filers of said recall filed a supplemental or amended petition signed by 5,104 persons. The registrar ascertained that said supplemental petition contained 3,050 legal signatures, and determined that the original and amended or supplemental petition together were lawfully signed by 13,269 qualified persons. Eleven thousand

eight hundred and thirty-seven signatures are necessary to authorize a recall election. The registrar held the said petition, as so amended, to be sufficient, and executed his certificate of the sufficiency thereof, as provided in section 3 of article XI, chapter III, of the San Francisco Charter. It is this certificate which the plaintiff herein seeks to annul by his proceedings in *certiorari.*

The powers of the court in a proceeding in *certiorari,* and the office of the writ of review, have been thoroughly settled by our decisions. In *Whitney* v. *Board,* 14 Cal. 499, the court said: "We have already seen that the writ can be granted only where the jurisdiction of the inferior tribunal has been exceeded, and . . . it is clear that the courts are confined to the determination of the question of jurisdiction. Beyond this, they have no right or authority to go; and they have nothing whatever to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the determination of this question. . . . It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits. Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive. . . . " This rule is now the settled law of the state.

Under the provisions of the San Francisco Charter, the filing of a petition for the recall of an officer, purporting to be signed by ten per cent of the total vote cast for mayor at the last preceding election, gives the registrar of voters jurisdiction and makes it his duty to investigate and determine whether or not such petition conforms to all legal requirements of the charter relating thereto, and whether or not it contains signatures of registered voters to the number necessary to authorize a recall election. (Art. XI, c. 5, sec. 1; c. 3, sec. 2; *Baines* v. *Zemansky, supra.*) If a signature to the petition is called in question, the charter requires him to mail a notice to the purported signer, stating the fact that his name is attached to the petition, and citing him to appear at a time and place stated, to affirm or deny the genuineness of his signature, and provides that if he does not appear and deny the same, or does not return a verified affidavit denying the same within the fifteen days allowed to the registrar for such

investigation, his signature must be counted as genuine. The methods of procedure and the kind of evidence to be taken or considered by the registrar in ascertaining whether or not the petition conforms to the other legal requirements of the charter, are not prescribed, except by a provision to the effect that to ascertain whether or not the signers are qualified voters he must compare their signatures with the registration affidavits.

Section 2 of chapter 3 further requires that each section of such petition shall be verified by the person soliciting signatures thereto, by his affidavit stating that he is the person who solicited the signatures; that he has numbered each signature *seriatim;* that no person signed it except in his presence; that said section has not been left at any time where any person could sign it except in his presence; that each signature was made in his personal presence, and is to his best knowledge and belief the genuine signature of the person whose name it appears to be, and that such solicitor was and is a duly qualified voter of the said city and county. These affidavits are required as safeguards against fraud and perjury by the persons getting up said petition. Unquestionably the registrar is required to examine these affidavits as well as the several sections of the petition, to ascertain whether or not they conform to the legal requirements of the charter. The time allowed is very short, and his inquiry must necessarily be of a summary character. The extent of the inquiry and the nature of the other evidence he may take in respect to these matters are not specified. The subject is left to his discretion. In determining what evidence he will take and what he will reject he acts in the exercise of the jurisdiction and discretion confided to him by the charter. If he mistakenly refuses to receive proof that he should accept and consider, it cannot be deemed to be other than an error of law committed in the exercise of his jurisdiction. Perhaps a clear abuse of discretion could be reached by a proceeding in *mandamus.* That question is not before us. But errors of this character cannot be considered or determined in *certiorari.* (*Central Pac. R. Co.* v. *Board of Equalization,* 43 Cal. 365; *People* v. *Burney,* 29 Cal. 459; *Morley* v. *Elkins,* 37 Cal. 457; *Central Pac. R. R. Co.* v. *Board of Equalization,* 46 Cal. 670.)

The petition herein alleges that 174 sections of the said original and supplemental petition, containing 6,125 signatures, all of which were counted by the said Zemansky as genuine, and without which the said petition would be insufficient, were fraudulent, in that many of the signatures thereto are forged; in that many of said sections were left out of the presence of the solicitor where anyone could sign without his knowledge; and in that many of said signatures had been made out of his presence. It is not alleged that all of the signatures are forged, nor how many were forged, nor that all of the signatures were made out of the presence of the solicitor, nor that any specific number of them were so made. It is alleged that immediately upon the filing of the supplemental petition above mentioned, and within the fifteen days allowed by the charter for examining the same, the plaintiff demanded of the registrar that he fix a time and place for a hearing and allow the plaintiff to offer proof of the said allegations, and that the registrar refused to receive or consider such evidence, or allow an opportunity for the same to be presented, but that, although he knew that the said allegations of fraud were true, he nevertheless disregarded them, refused to investigate concerning the same, and that having ascertained from the records of registration that the petition contained the required number of signatures of persons registered thereon as voters, he made his certificate that it was sufficient.

The evidence offered by the plaintiff would be merely contradictory of that contained in the affidavits attached to the several sections. No specific facts were set forth, nor any particular persons named as those whose signatures were falsely procured. Assuming that the registrar might conceive it to be his duty to receive evidence upon such vague charges as these, we are satisfied that his discretionary powers relating to such investigation must authorize him to determine, within reasonable limits, at least, how far his investigation shall go. His determination not to enter upon the inquiry demanded of him was not such an abuse of his power as to constitute an excess of his jurisdiction. At most it was in the nature of an error of law committed by him in the exercise of that power, and, under the authorities above cited, his action in that respect cannot be corrected in *certiorari.*

We·are therefore of the opinion that no writ should issue in the case.

It is ordered that the proceeding be dismissed.

Sloss, J., Henshaw, J., Lawlor, J., Victor Shaw, J., *pro tem.*, Melvin, J., and Angellotti, C. J., concurred.