NELS K. MOGAARD, Appellant, v. W. M. ROBINSON, individually and as mayor of the City of Garrison, J. A. REUTER, JOE FITZGERALD, JOE MAHOWALD, and W. E. RICHARDS, individually and as members of the City Council of the City of Garrison, Respondents.

(187 N. W. 142.)

**Municipal corporations — sewer "outlet" extending on unplatted lands within proviso of statute for exclusion of such territory, held limited to sewer serving no purpose except to connect system with point of discharge.**

Certiorari to review proceedings to exclude territory from a city. Chap. 32 of the Session Laws of 1921 provides for the exclusion of territory upon petition showing the absence of municipal improvements and that the land is unplatted; but it is provided that, "where a sewer outlet

extends upon or over said unplatted lands," it shall be the duty of the council to exclude the territory. It is *held*:

A sewer outlet extending upon or over lands within the proviso of the statute is that portion of a sewer which serves no other purpose than to connect the sewer system with the point of discharge.

**Municipal corporations — sewer extending across petitioner's land held an outlet within the proviso of statute relating to excluding territory.**

2. The evidence, including the resolution of the city council in disposing of the petition for exclusion, is examined and it is *held* that the portion of the sewer constructed upon the petitioner's land is used as an outlet extending upon and over the same within the proviso of the statute.

Opinion filed Feb. 18, 1922. Rehearing denied Mar. 11, 1922.

Appealed from the District court of McLean county, *Nuessle*, J.

Reversed and remanded.

Benton Baker, for appellant.

The propriety of the remedy selected. This proceeding for a writ of certiorari is a proper proceeding for the relief demanded. Section 8445, C. L. 1913. State ex rel. Mayo v. Thursby-Butte Special School Dist. 178 N. W. (N. D.) 787; State ex rel. Johnson v. Clark, 21 N. D. 516, 131 N. W. 715; Red River Brick Co. v. Grand Forks, 27 N. D. 8, 145 N. W. 725; Hieneman v. Alexandria, 32 S. D. 368, 143 N. W. 291; Pelletier v. Ashton, 12 S. D. 366, 81 N. W. 735, 11 C. J. 104; Public Service Co. v. Board of Public Utility Commissioners, 87 N. J. L., L. R. A. 1918A, 421.

Failure to perform a duty imposed by law constitutes an excess of jurisdiction of the council and renders the action of the council reviewable by a writ of certiorari. State ex rel. Mayo v. Thursby-Butte Special School Dist. supra; Younger v. Santa Cruz, 136 Cal. Supr. Ct. 682, 687, 69 p. 485; McClatchey v. Sacramento 119 Cal. Sup. Ct. 413, 51 p. 696, 39 L. R. A. 691, 11 C. J. 94.

Any departure from the recognized and standard requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect to deprive one of a constitutional right is as much an excess of jurisdiction as where there is an inceptive lack of power. Younger v. Santa Cruz, Sup. Ct., supra; McClatchey v. Sac-

ramento Sup. Ct., supra; Chatterham v. Davis, 183 Ill. A. 506, 11 C. J. 106.

*J. E. Nelson* and *E. T. Burke* for respondents.

BIRDZELL, J. This case is a sequel to Mogaard v. City of Garrison, et al. 47 N. D. 468, 182 N. W. 758. It comes here upon an appeal from an order dissolving an order to show cause and dismissing plaintiff's petition for a writ of certiorari. The petition seeks a review of proceedings had in the city council of said city upon a formal request to disconnect and exclude certain territory. Upon the filing of the petition for a writ of certiorari, an order to show cause was issued, and, upon the return day, counsel stipulated that the record of proceedings of the city council, as set forth in the plaintiff's petition, was correct, and further stipulated that the questions involved should be determined as fully and finally as if the court had issued its writ. The record facts are as follows: The plaintiff is the owner of the S. E. quarter of the S. E. quarter of section 7 in township 148 north of range 84 west of the Fifth meridian, lying within the corporate limits of the city of Garrison. The city and this 40-acre tract have common boundaries on two sides of the tract for a distance of 80 rods on each side, the tract being situated in one corner and extending for half the width of the city and one-fourth its length.

The petition to exclude this territory complies with the statute in every respect. Upon a hearing had before the city council, it appeared that the tract was not platted or laid out in city lots or blocks; that there were no streets or alleys upon the property, no water mains, pavements, sidewalks, or other municipal improvements of any kind, except a sewer pipe extending across the land about 60 feet from the southern boundary; that the sewer extends about 40 rods beyond the tract in question and beyond the city limits, where it discharges its contents upon other land purchased by the city for that purpose; that the city has a right (presumably an easement) to go upon the petitioner's land for the purpose of caring for the sewer and preventing interference with the same; that the sewer is approximately 60 rods from any building on the plaintiff's land; that there are no sewer connections on the land in question and no house connections for a distance of about 100 rods above the land; but that there is a connection for a creamery which is apparently some-

what closer, though the record leaves it indefinite as to its location. It appears that the sewer is so constructed as to admit of connections being made, although it does not appear that blind connections have in fact been inserted. At the conclusion of the hearing, the following resolution was passed:

"Whereas, the petition of Nels K. Mogaard and others, praying for the exclusion of the southeast quarter of the southeast quarter (S. E. ¼ S. E. ¼) of section seven (7) in township number one hundred forty-eight (148), range eighty-four (84) McLean county, North Dakota, from the limits of the city of Garrison, North Dakota, and,

"Whereas, the said petitioner, Nels K. Mogaard, and his counsel R. L. Fraser, appeared before this council at its adjourned regular meeting, this 10th day of September, 1921, and before this council presented testimony with reference to the said petition, and,

"Whereas from the testimony presented and from the personal knowledge of each and every member of this council, it is determined and decided that there has been established and now maintained, upon the said tract of land, a portion of the main line of the sewer system of said city, so constructed as to admit of sewer connection at any point thereon for the use and benefit of any person or persons so desiring, and,

"Whereas, the outlet of the said sewer system of the city of Garrison, does not extend upon or over the tract of land mentioned and described in the petition filed, but does extend over and upon other land belonging to the said city, and,

"Whereas, the best interests of the city of Garrison and its future development require that said proposed land be not excluded from the limits thereof:

"Therefore it is resolved:

"That the said petition be and the same is in all things hereby denied.

"On roll call the following named councilmen voted aye: J. A. Reuter, Joe Fitzgerald, Joe Mahowald, W. F. Richards. Nay:

"W. M. Robinson, Mayor.

"Attest: E. E. Wacker, City Auditor."

After the decision of this court holding adversely to the petitioner upon his attempt to exclude 35 acres of the tract in question so arbitrar-

ily shaped as to leave the sewer strip within the city, the Legislature amended the controlling statute by adding a proviso as follows:

"And, provided further, that where a sewer outlet extends upon or over said unplatted lands, it shall be the duty of the city council, commission or board of trustees to disconnect and exclude such territory from such city, town or village, provided, that this act shall not in any way repeal or otherwise affect the provisions of § 3697 of the Compiled Laws of 1913." ·Chap. 32, Session Laws 1921.

Under the statute as it existed prior to the foregoing amendment, unplatted property could not be excluded if municipal sewer, water mains, pavements, sidewalks, or other improvements had been made or constructed therein but the proviso quoted above directs the exclusion of unplatted lands, though a "sewer outlet extends upon or over" the same. In other words, where the only municipal improvement upon the land is a sewer outlet and where the other conditions warranting exclusion exist, the lands must be excluded.

In the order entered by the trial court dissolving the order to show cause and dismissing the petition, the court held that—

The "proceedings were in all respects legal, and that the plaintiff's tract of land in his said petition described does not come within the provisions of § 3969 of the Compiled Laws of North Dakota, for the year 1913, as amended by chap. 32 of the Laws of 1921, in that there extends upon and over the said tract of land a portion of the main line trunk sewer of the city of Garrison, but the outlet, or mouth thereof, is on lands not embraced in this tract."

We do not understand that any question of procedure is involved upon this appeal, for upon oral argument respondents disclaimed any contention as to the remedy and in their brief it is stated:

"It is plain that but one point is involved: Should the city council have excluded this tract *upon the showing made*. We were willing that this decision should be *reviewed* by Judge Nuessle, and we now submit to the judgment of the Supreme Court the same question." (Italics are ours.)

It thus appears that the respondents are desirous of terminating the controversy through a construction of the controlling legislation applied to undisputed facts. In this state of the record we must regard the case as turning upon the meaning of the words employed in the statute, "where a sewer outlet extends upon or over said unplatted lands," and

upon the facts adduced with reference to the character of that portion of the sewer construction upon the petitioner's land. Counsel for the appellant contend that this language is descriptive of a sewer of any length which is used only as an outlet for the system. On the other hand, counsel for the respondent insist that it is descriptive only of that part of a sewer known as the mouth or end of the sewer, and, possibly, land lying some distance beyond the point where the contents are discharged.

We are of the opinion that the proviso of the statute refers to that portion of the sewer which is so constructed as to be of service for outlet purposes. The statute refers to an outlet as extending, and it makes an exception to the requirement laid down in the preceding paragraph which prevents exclusion where a sewer is constructed in the land sought to be excluded. So an outlet extending must be considered to be some part of the constructed sewer.

Does it appear from the record facts that the portion of the sewer upon the petitioner's land is an outlet for the system, extending to the mouth? It appears that this is an extension of the main sewer and affords the only outlet for the system; that there are no connections upon the petitioner's land; so it is not in fact being used by him or by any one upon his land as any part of the system; nor is it capable of being of any practical benefit to the petitioner or any one residing upon his land without the construction of a lateral approximately 60 rods in length. While it is stated in the evidence and in the resolution of the city council that the sewer is so constructed as to admit of connections at any point thereon for the use and benefit of any person or persons so desiring, such fact does not negative the showing made by the other evidence to the effect that this 80 rods of sewer pipe across the petitioner's land is in fact nothing more or less than an extension from the sewer system proper for outlet purposes. The character of the construction is not disclosed, and the evidence and the finding as to connection facilities would be applicable to any kind of a sewer throughout its whole length; for all sewers are so constructed as to admit of connections being made. The outstanding fact, which clearly appears from the evidence and which is not disputed in the resolution of the city council, is that the sewer pipe on plaintiff's land is used solely for outlet purposes. It follows that it was the duty of the city council to exclude the territory in question.

The order appealed from is reversed, and the case remanded, with directions to enter an appropriate judgment to that effect.

BRONSON and ROBINSON, JJ., concur.

GRACE, C. J. (specially concurring). This case was recently before this court in an appeal prior to this. See, 182 N. W. 758. In that case the plaintiff had judgment. The defendant city took an appeal to this court and the members of the court, except myself, agreed in their opinion to a reversal of the judgment. It was accordingly reversed; I dissented and wrote an opinion, setting forth my reasons.

After that decision, the statute referred to in the main opinion was amended, as there stated. After that amendment, the plaintiff again petitioned to have the tract of land involved excluded from the city limits, and from the jurisdiction of the city. The main opinion sets out the history of the proceedings in the court below, and it is unnecessary to here restate them. The effect of the decision in the present appeal is to disconnect and exclude plaintiff's land from the city limits. This is what I contended should have been done in the prior case, as an examination of my dissenting opinion there will show.

I now agree with the conclusion reached in the main opinion in the present case, and this for the same reasons contained in my dissenting opinion in the former case, and for other reasons which presented themselves in the present case, which need no specification or elaboration.

CHRISTIANSON, J. (dissenting in part). I agree with the interpretation which my associates place upon the term "sewer outlet" in chap. 32, Laws 1921. I do not, however, agree with them that the order made by the city council should be adjudged invalid.

The plaintiff predicates his alleged rights in this proceeding upon chap. 32, Laws 1921. That statute reads as follows:

"On petition, in writing, signed by not less than three-fourths of the legal voters and by property owners of not less than three-fourths in value of the property in any territory, within any incorproated city, town or village, and being upon the border and within the limits thereof, the city council of the city, or the board of trustees of the town or village, as the case may be, may disconnect and exclude such territory from such

city, town or village; provided, that the provisions of this section shall only apply to lands not laid out into city, town or village lots or blocks.

"Provided, further, that when the property or lands described in such petition bordering upon and within the limits of any such incorporated city, town or village are wholly unplatted, and no municipal sewers, water mains, pavements, sidewalks or other city, town or village improvements have been made or constructed therein, except as hereinafter provided, and this is made to appear upon the hearing upon such petition by the city council, commission or board of trustees of the town or village, as the case may be, it shall be the duty of the city council, commission or board of trustees to disconnect and exclude such territory from the city, town or village.

"And, provided further, that where a sewer outlet extends upon or over said unplatted lands, it shall be the duty of the city council, commission or board of trustees to disconnect and exclude such territory from such city, town or village, provided, that this act shall not in any way repeal or otherwise affect the provisions of § 3697 of the Compiled Laws of 1913."

It will be noted that the first proviso in this section states that the unplatted territory shall not be detached from a city where there are municipal sewers, water mains, pavements or sidewalks constructed thereon. The second proviso says that, "where a sewer outlet extends upon or over such unplatted lands," it shall be the duty of the city council or commission to exclude the territory. The second proviso was an amendment added by the Legislature in 1921, and the obvious purpose thereof was to distinguish between that portion of a sewer system which is denominated the "sewer outlet" and the remainder of the system. So as the law now stands it is only in case the "outlet" of a sewer is upon unplatted lands that such lands may be excluded; if any part of the municipal sewer system except the "outlet" had been constructed therein, the lands may not be excluded.

In this case it is sought to review the action of the city council by writ of certiorari. In the petition it is averred: .

"That on the 11th day of July, 1921, the plaintiff duly filed in the office of the city auditor of the said city of Garrison, his petition in writing, a copy of which, marked 'Exhibit A,' is hereto attached and made a part hereof, and thereafter caused notice of the filing of the said petition to be duly published according to law.

"That thereafter and on the 10th day of September, 1921, a hearing upon the said petition was held by the defendants sitting as the city council of the said city of Garrison, whereat witnesses were examined by R. L. Fraser, Esq., in behalf of the plaintiff and J. E. Nelson, Esq., in behalf of the city of Garrison, a transcript of the evidence received at such hearing, marked 'Exhibit B,' being hereto attached and made a part hereof, and thereafter and on the same day the said mayor and city council of the said city of Garrison by resolution, a copy of which, marked 'Exhibit C,' being hereto attached and made a part hereof, denied the aforesaid petition of the plaintiff in all things."

Exhibit B referred to in, and attached to, the petition, is a transcript of the testimony of the plaintiff, Mogaard, and one Reuter. Upon the petition and an affidavit of the plaintiff the district court issued an order citing the defendants to show cause why a writ of certiorari should not issue. Upon the hearing in the district court the defendants moved to quash, upon the following grounds, among others:

"1. That the complaint does not state facts sufficient to constitute a cause of action, and does not warrant the issuance of the writ of certiorari.

"2. That the application for the writ shows upon its face that the city council have not exceeded their jurisdiction.

"3. That Exhibit C (copy of city council's order denying the application to detach) attached to the complaint of the plaintiff shows upon its face that the outlet of the sewer in question does not extend upon or over the petitioner's described land, but that the main body of the sewer does, and the resolution of the city council stating that fact is conclusive as against the petitioner."

The trial court made an order vacating the order to show cause and denied the petition. In such order it is said:

"Counsel for all parties having stipulated the correctness of the record of the proceedings of the city council of the city of Garrison as set forth in the plaintiff's petition and consented that all matters herein be decided and determined as fully and finally as if the court had issued its writ of certiorari in accordance with the prayer of the plaintiff's petition, and the defendants by their return having alleged the legality of the proceedings of the city council of the city of Garrison as set forth in the plaintiff's petition, and the court being of the opinion that such proceedings were in all respects legal and that the plaintiff's tract of land

in his said petition described does not come with the provisions of § 3969 of the Compiled Laws of North Dakota for the year 1913 as amended by chap. 32 of the Laws of 1921, in that there extends upon and over the said tract of land a portion fo the main line trunk sewer of the city of Garrison, but the outlet or mouth thereof is on lands not embraced in this tract, it is hereby ordered that the order to show cause heretofore issued in this proceeding and the same is hereby vacated, and that the prayer of the plaintiff's petition be and the same is hereby dismissed."

It is settled law in this state that questions relating to the change of boundaries of cities are legislative questions. Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023. See, also, 19 R. C. L. p. 732. By chap. 32, Laws 1921, the Legislature fixed and specified all the conditions and facts upon which the exclusion of certain territory from a city should depend, and constituted the city council the body to ascertain and determine the existence of these facts and conditions. In this case the city council conducted a hearing; witnesses were sworn and testified. At the conclusion of the hearing the city council made the determination which is set forth in the majority opinion. It will be noted that that determination was based, not only upon the evidence introduced at the hearing, but upon "the personal knowledge of each and every member of the city council * * * that there has been established and now maintained, upon the said tract of land, a portion of the main line of the sewer system of said city, so constructed as to admit of sewer connection at any point thereon for the use and benefit of any person or persons so desiring," and, further, that "the outlet of the said sewer system of the city of Garrison does not extend upon or over the tract of land maintained and described in the petition filed, but does extend over and upon other land belonging to the said city." It seems to me that this finding of the city council is one of fact that the tract of land sought to be excluded by the petition has constructed thereon a municipal sewer other than the sewer outlet. The statute confers upon the city council the power to determine the facts. The law provides for no appeal from the decision of the city council, and under well-settled rules of law applicable to other boards empowered to determine facts the decision of the city council as to the facts is, in the absence of fraud, final and conclusive upon the courts. See State v. Fisk, 15 N. D. 219, 107 N. W. 191. See, also, State ex rel. Little v. Langlie, 5 N. D. 594, 600, 601, 67 N. W. 958, 32 L. R. A. 723; Greenfield School Dist. v.

Hannaford Special School Dist., 20 N. D. 393, 397, 127 N. W. 499.

As already stated in this case, a review is sought by certiorari, under our law "a writ of certiorari may be granted by the Supreme and district courts, when inferior courts, officers, boards or tribunals have exceeded their jurisdiction and there is no appeal, nor, in the judgment of the court, any other plain, speedy and adequate remedy, and also when in the judgment of the court it is deemed necessary to prevent miscarriage of justice." Section 8445, C. L., as amended by chap. 76, Laws 1919. And "the review upon this writ cannot be extended further than to determine whether the inferior court, tribunal, board or officer has regularly pursued the authority of such court, tribunal, board of officer." Section 8453, C. L. 1913. In construing similar provisions the Supreme Court of California has ruled that this latter section, which prescribes the extent of the review, has substantially the same meaning as the phrase in § 8445, supra, authorizing the court to inquire whether the "inferior courts, officers, boards or tribunals have exceeded their jurisdiction," and that under neither section can anything but jurisdiction be inquired into. See Central Pac. R. Co. v. Board of Equalization, 43 Cal. 365. See, also, Farmers' & Merchants' Bank v. Board of Equalization, 97 Cal. 318, 32 Pac. 312; Security Sav. Bank v. Board of Sup'rs, 4 Cal. Unrep. 222, 34 Pac. 437; Johnston v. Board of Sup'rs, 104 Cal. 390, 37 Pac. 1046; Fickert v. Zemansky, 176 Cal. 443, 168 Pac. 891; Henshaw v. Board of Sup'rs, 19 Cal. 150; Whitney v. Board, 14 Cal. 499.

Corpus Juris (11 C. J. 103) says:

"In most of the Western States, the writ (certiorari) lies only when there is a want or excess of jurisdiction in the proceeding complained of. * * * This rule that want or excess of jurisdiction is the only ground prevails in Arizona, California, Colorado, Idaho, Montana, Nevada, North Dakota, Oklahoma, the Philippines, South Dakota and Utah."

In Whitney v. Board, supra, the California court said:

"We have already seen that the writ can be granted only where the jurisdiction of the inferior tribunal has been exceeded, and * * * it is clear that the courts are confined to the determination of the question of jurisdiction. Beyond this, they have no right or authority to go; and they have nothing whatever to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the determination of this question. * * * It brings up

no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits. Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive."

There can be no doubt but that the question whether the territory sought to be detached should or should not be detached was one properly within the jurisdiction of the city council. And there is no question but that the city council afforded the petitioner a full hearing, and that after such hearing they made a determination. The petitioner invoked the jurisdiction of the council, and attended, and participated in, the hearing. And it would seem that he is not now in position to invoke the aid of a writ of certiorari, which reviews only questions of jurisdiction. As was said by this court in Albrecht v. Zimmerly, 23 N. D. 337, 344, 136 N. W. 240, 242:

"With jurisdiction thereby invoked by defendants, they have no standing in this court on an application for certiorari in which they must assert and establish as a prerequisite of their right thereto the absence or want of jurisdiction of the lower court over the same matter. They cannot at the same time in the same action invoke and establish jurisdiction and then deny its legal effect."

Jurisdiction relates to the power of the tribunal, and not to the rights of the parties. Dahlgren v. Superior Court, 8 Cal. App. 622, 97 Pac. 681. "The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." Board of Com'rs of Lake County v. Platt, 79 Fed. 567, 25 C. C. A. 87. "Excess of jurisdiction is to be distinguished from errors of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of jurisdiction. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction." 4 Cal. Juris pp. 1036—1039.

The sole contention of the petitioner in this case is that the order of the city council is contrary to the evidence, and the decision of the majority of the court is devoted largely to a consideration of the sufficiency of the evidence. It seems clear that under a statute like ours the court may not consider the sufficiency of the evidence or review the findings made by the inferior tribunal except for the sole purpose of determining whether such tribunal has exceeded its jurisdiction. See, §§ 8445-

8453, C. L. 1913. State v. Thursby-Butte Special School Dist. 178 N. W. 787. See, also, 11 C. J. pp. 202-203. In other words, "the reviewing court has nothing to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the determination of the question of its jurisdiction. If such tribunal has regularly pursued its authority, the inquiry stops. Errors of law committed by the inferior court in the exercise of its authority, cannot be considered; and in such case, no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul or reverse it in a proceeding in certiorari." 4 Cal. Juris. pp. 1106—1107.

It seems to me that the trial court was entirely correct in dismissing the proceeding.