[L. A. No. 11203. In Bank.—August 23, 1929.]

MABEL A. RITTER, Respondent, v. CLYDE E. RITTER, Appellant.

Leroy Reames, James R. Jaffray and John T. Houser for Appellant.

William E. Fox and Brooks Gifford for Respondent.

PRESTON, J.—In this cause the motion to dismiss is denied as to each appeal. Little time need be consumed in furnishing reasons for this action.

The cause. is one for divorce, wherein plaintiff had an interlocutory judgment as well as various orders in her favor for suit money, alimony and for support of the minor children. The interlocutory decree was granted June 30, 1928. Later a motion for a new trial was denied. On September 19, 1928, notice of appeal therefrom was filed and on November 16, 1928, a bill of exceptions to support said appeal was settled and filed. On this date, also, a second notice of appeal was filed, directed to certain of the above-mentioned orders or judgments for the payment of money. On December 26, 1928, and within the forty-day period allowed by this court for the filing of a transcript, appellant applied for and on December 31, 1928, obtained permission of this court to present both of said appeals in one transcript and the filing of the transcript upon the first appeal was postponed until the incoming of the record on the second appeal. An additional pertinent fact is·that at no time herein involved did respondent give to appellant written notice of the granting of· said orders as required by section 953d of the Code of Civil Procedure.

In this situation, respondent comes on December 27, 1928, with a notice of motion to dismiss both appeals upon the following grounds: (1) Failure to serve on the adverse party the notices of appeal; (2) failure to file a cost bond on said appeals; and (3) failure to file a transcript within the time prescribed by rule I of this court.

As to the first two grounds, we need but say that the omitted acts referred to were dispensed with almost a generation ago. The writer learned these facts to his sorrow as early as 1908. (See *Estate of McPhee*, 154 Cal. 385 [97 Pac. 878].)

As to the third point, the transcript on the first appeal was by order of the court attached to the second appeal and as to the second appeal, as above noted, respond-

ent has not complied with the above-mentioned provision of the Code of Civil Procedure requiring written notice of the granting of said orders. (See *Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56], and *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686].) Hence, for aught that appears here, proceedings may now be instituted to settle a record on appeal. Further discussion is unnecessary.

Seawell, J., Richards, J., Curtis, J., Langdon, J., Waste, C. J., and Shenk, J., concurred.