[Civ. No. 7416.   Second Appellate District, Division One.—May 27, 1932.]

EUGENE J. RINALDO, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

L. E. Dadmun for Appellant.

Otto J. Emme for Respondents.

HOUSER, J.—It appears that the pertinent facts upon which the appeal herein is based are that the respondent gave its notice of appeal from a certain judgment in the

court below; that thereupon, by order of the trial court, an extension of time was granted to the respondent within which to file its bill of exceptions in said appeal, which extension was one day in excess of the statutory time limit in such cases made and provided. Following the date of such order of extension, and on the last day thereof, the respondent did serve upon this appellant and file with the clerk of said court its bill of exceptions in said appeal. Thereupon, it appearing that said service and filing were not had within the time permitted by the terms of the statute, the respondent presented its motion to said court that the respondent be relieved from its said default. From the order by which such relief was granted to the respondent, this appeal is taken.

Since from the record herein it also appears that at no time preceding the service and the filing of said bill of exceptions was the respondent given notice in writing by appellant of the entry of the judgment from which the said respondent had attempted to take an appeal, nor that such written notice was waived in writing, or by oral stipulation made in open court and entered in the minutes,— it follows that, in accordance with the provisions of section 953d of the Code of Civil Procedure and the construction placed thereon by the appellate tribunals of this state, the respondent could not have been in default in not having served upon appellant and in not having filed with the clerk of the lower court its said bill of exceptions within the time limit prescribed by the statute; and consequently that in its order by which the default of the respondent was vacated in the premises, no error was committed by the trial court. (*Attkisson* v. *Reynolds*, 94 Cal. App. 185 [270 Pac. 686]; *Griffin* v. *Kent*, 206 Cal. 263 [274 Pac. 56]; *Ritter* v. *Ritter*, 208 Cal. 27 [280 Pac. 112]; *Sterling Corp.* v. *Superior Court*, 207 Cal. 370 [278 Pac. 859]; *Smith* v. *Wall*, 97 Cal. App. 674 [275 Pac. 983]; *Shultz* v. *O'Rourke*, 118 Cal. App. 207 [4 Pac. (2d) 797]; *Davilla* v. *Liberty Life Ins. Co.*, 114 Cal. App. 398 [299 Pac. 831].)

It is ordered that the order in question be and it is affirmed.

Conrey, P. J., and York, J., concurred.