[Civ. No. 9360. Second Appellate District, Division Two.—March 19, 1935.]

EUGENE J. RINALDO, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Appellants.

L. E. Dadmun for Respondent.

WILLIS, J., *pro tem.*—This cause is attaining an impos·ing biography. This is its fifth appearance before the appellate court of this district, and the history of its progress is contained in the following reports: 93 Cal. App. 72 [268 Pac. 1076], Id., 123 Cal. App. 712 [12 Pac. (2d) 32], Id., 123 Cal. App. 719 [12 Pac. (2d) 35], and Id., 135 Cal. App. 613 [27 Pac. (2d) 671]. The present case is an appeal from a judgment of the superior court, entered in a *certiorari* proceeding, annulling an order of the Board of Medical Examiners of the State of California, dated October 8, 1932, revoking the license theretofore issued to respondent to practice as a physician and surgeon in this state. Appellant contends that the lower court erred in overruling the demurrer and in adjudging that there was not sufficient evidence presented to the board to warrant the exercise of its jurisdiction or to warrant the revocation of respondent's license, and in annulling the board's order of revocation thereof.

No error appears in the action of the court in overruling the demurrer. The petition for the writ contained a statement of facts which if true, as must be presumed on a hearing on demurrer, showed that no legal, competent or proper evidence in support of the charges before the board was produced at the hearing.

The return on the writ set forth the complaint, answer and notice on which the hearing was had on October 18, 1932, together with the reporter's transcript of proceedings at such hearing, including all the evidence produced before the board. The lower court reviewed the matter and annulled the order of the board revoking respondent's license, and the single remaining problem to be solved on this appeal is whether the judgment of the superior court is right.

The complaint was filed against respondent on April 28, 1924, and charged him with having procured from the State Board of Medical Examiners a reciprocity certificate and license to practice medicine by fraud and misrepresentation, in that he falsely stated in his application that he was the possessor of a medical diploma from the St. Louis College of Physicians and Surgeons dated and issued in the year 1908, and "that he had fulfilled all of the preliminary education required by the Medical Practice Act of the State

of California'' prior to his matriculation at the college above named, whereas in truth and in fact he did not have a diploma from said college of the year 1908 and was not a member of the 1908 class, and had never obtained a *bona fide* certificate of preliminary education but had purchased the same from another.

The evidence taken at the hearing shows that the application of respondent for his reciprocity license, filed June 12, 1922, and marked herein as exhibit 2, recited that respondent had three years of study in the University of Prague, from 1899 to 1902, and four years in study of medicine and surgery, from September, 1904, to April, 1908, in the St. Louis College of Physicians and Surgeons, from which college he obtained a degree of Doctor of Medicine on April 27, 1908; that the application was based on a license or certificate of the Missouri state board of health, issued after a written examination on July 14, 1920, a copy of which license is attached to the application and containing thereon a certificate of the secretary of the state board of health of Missouri reciting that the applicant had presented to said board a diploma issued to him on April 27, 1908, by the St. Louis College of Physicians and Surgeons, that he had passed the regular written examination given by the board in June, 1920, that such license was in good standing and that the applicant was a fit and proper person to receive a reciprocity certificate. Attached thereto is a certificate of an officer of St. Louis College of Physicians and Surgeons certifying that the applicant had entered that college September 1, 1904, and had presented evidence of preliminary education in the form of a certificate of the state superintendent of public instruction of Missouri showing credits for four years of high school, and that he had presented, as evidence of premedical education, a certificate of the said superintendent of public instruction showing two years of college work taken by written examination, and that he attended all lectures given by the institution during four years and was issued a degree of Doctor of Medicine on April 27, 1908. On this application a license was issued to respondent on June 12, 1922, and was the license which the board revoked on October 18, 1932.

In support of the charges there were offered the depositions of three witnesses, taken on October 17, 1928, and

received in evidence under a preceding stipulation of the parties. The witness Brundidge testified in substance that he was a newspaper reporter of the Star Chronicle Publishing Company of St. Louis, Missouri; that he knew respondent in St. Louis and that from 1918 to 1921, inclusive, respondent was operating a conservatory of music and teaching music in St. Louis, and was also leader of a band with the Welfare Association of the United Railways part of that time. He then identified an affidavit dated April 18, 1919, bearing the signed name ''Eugene John Rinaldo'', and stated that he first saw it in 1923 in the office of St. Louis College of Physicians and Surgeons; that it was handed to him and that he delivered it to the secretary of the California board. This affidavit was placed in evidence, marked exhibit 1, and recites that the signer, Eugene John Rinaldo, had a certificate from the superintendent of public instruction of Missouri covering four years of high school, 16 units, and for 7 units of college work; that his medical education was in Pacific Medical College, Los Angeles, California, from October 15, 1912, to June 6, 1916, and his senior year in St. Louis College of Physicians and Surgeons from October 7, 1918, to ———, 1919, and that he had also studied three years at the medical institute of Prague, Bohemia.

The witness Dr. R. Adcox testified in substance that he was student solicitor for St. Louis College of Physicians and Surgeons, and that he met respondent at his (respondent's) conservatory of music in St. Louis in August, 1918, by appointment; that respondent said: ''I want to graduate in medicine and I want to go through like the druggist, your friend and my friend, did''; ''how much will it cost me?'' and ''I want to get through just as quick as I can, and I have had some high school but not enough perhaps to matriculate in medicine''; that he, Dr. Adcox, told respondent that the high school certificate and credits for four years in medicine, with a trip to Los Angeles, would cost him $1,000; that they agreed on $800, which respondent paid; that he, Dr. Adcox, then procured from an assistant superintendent of public instruction of Missouri a certificate of high school credits, for which he paid $15, and from a physician in Los Angeles he procured a certificate of four years of medical education in Pacific Medical College, for which he paid $300; that he delivered these two certificates

to respondent in St. Louis, at which time the latter said to him, "You know, I have no medical training whatever. Can I carry the senior work?" and "I have no medical training and I have no high school certificate but I have had a few of these subjects over in the old country"; that a few days later respondent asked the witness to help him enroll at the St. Louis College of Physicians and Surgeons in the senior class; that witness went with respondent to the college office, where respondent presented to the dean the Pacific Medical College certificate and the high school credits certificate; that respondent was enrolled and pursued his studies until April, 1919, when he asked the witness to help him fill out his graduation affidavit; this the latter did, and respondent filled it out, signed it and swore to it before a notary, such affidavit being exhibit 1 above mentioned; that in June of 1919 respondent graduated from the college.

The witness William P. Sachs testified in substance that he was deputy state superintendent of public instruction for the state of Missouri and examiner of applicants for certificates of preliminary education from 1916 to 1919; that in August of 1918 he filled out and signed a certificate, marked herein as exhibit 3, and secured the signature of the state superintendent thereon, along with a batch of others; that he had never met or known respondent until the date of deposition in California; that he delivered the certificate, exhibit 3, to Dr. Adcox and received a money fee therefor; that respondent did not take any examination for said certificate; that the dates of examination set forth therein as "August 27, 28, 29, 1915", he inserted so as to fit respondent's requirements, and the examination was thus dated back. Exhibit 3 is in form of an official certificate and certifies that Eugene John Rinaldo personally appeared before the superintendent and in a written examination on August 27, 28, 29, 1915, made passing grades in certain subjects therein listed. The witness Sachs further testified that the superintendent who signed the certificate entered that office for the first time in August, 1916, and served until January 1, 1919.

This evidence the board found sufficient to sustain the allegations of the complaint and adjudged respondent guilty as charged, and by order revoked his license. On the same record, on *certiorari,* the trial court adjudged the evidence

insufficient to warrant the exercise of jurisdiction or to warrant the revocation of the license.

Respondent did not appear at the hearing of October 18, 1932. He was, however, cited to appear at the time and place of such hearing and had reasonable notice thereof and opportunity to be heard. This was all that was necessary to confer jurisdiction of his person. (*McGinn* v. *Board of Health,* 113 Cal. App. 228 [298 Pac. 118].)

The writ of *certiorari* can be used only for the purpose of ascertaining whether the trial court or board has exceeded its jurisdiction. The action of the inferior tribunal sought to be reviewed is final and conclusive upon every question except questions of jurisdiction. (*Fickert* v. *Zemansky,* 176 Cal. 443 [168 Pac. 891].) The writ cannot be used for the purpose of determining whether or not the evidence was sufficient to support the particular order or judgment complained of, providing the inferior tribunal had jurisdiction. Where the State Board of Medical Examiners is invested with jurisdiction to determine the guilt or innocence of one charged with an offense under the state Medical Practice Act, as was the board in this case, by the filing of a complaint and by acquiring jurisdiction over the person of the accused, its determination on the question of guilt or innocence upon the evidence adduced at a hearing after due notice, whether based on sufficient evidence or not, is a determination arrived at in the exercise of its jurisdiction, and however erroneous it may be, it is not void for want of power in the board to render the decision. (*Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053].)

It is only where it is claimed and made to appear that there is a total lack of competent evidence upon which the adjudication could be based that an exception to the rule that the sufficiency of the evidence will not be reviewed is made, and review of the evidence may be had to determine the question whether jurisdictional facts were or were not proved. (*Winning* v. *Board of Dental Examiners,* 114 Cal. App. 658 [300 Pac. 866].) It cannot be said herein that there was no competent evidence upon which to base the judgment of the board. There was competent evidence tending to show that statements were made in his application by respondent as to his college work in St. Louis College of Physicians and Surgeons between September, 1904, and

April, 1908, and as to his securing a diploma at that time, and as to his having fulfilled all the preliminary educational requirements of the Medical Practice Act of California, which were not true. This is not a trial upon the merits of the case presented to the board. Upon competent evidence the board made its determination. Neither the superior court nor this court can substitute its determination therefor. Under our law the decision thereon was final and conclusive. (*Roberts* v. *Police Court, supra; Matter of Hughes,* 159 Cal. 360 [113 Pac. 684].) Jurisdiction to determine the effect of evidence involved the power to draw erroneous conclusions from it. (*Farmers' & Merchants' Bank* v. *Board of Equalization,* 97 Cal. 318 [32 Pac. 312].)

 We are not unmindful of the repeated declarations in decisions of our appellate courts that the right of a person to practice a profession for which he has prepared himself is property of the very highest character, entitled to protection by such safeguards as the law has thrown about it. On the other hand, the power granted by the legislature to the Board of Medical Examiners to revoke licenses previously issued to applicants is sustained upon the ground that the legislature has authority under its general police power to provide all reasonable regulations that may be necessary affecting the public health, safety or morals, and with this object in view to provide for dismissal from the medical profession of all persons whose principles, practices and character render them unfit to remain in it. Among these provisions of law authorizing a removal or revocation is that of fraud or misrepresentations in procuring the license to practice. The very foundation of the property right hereinabove mentioned is preparation leading up to the qualifications essential to the safety of the public. To meet the exacting tests now generally required before one may follow the medical profession, one must devote years of arduous effort and closest application to acquire the requisite and necessary knowledge, skill and experience to warrant his license to practice. Any fraud or misrepresentation in the application on which such a license is granted, resulting in giving appearance of qualification to one who does not in fact possess it, is sufficient under the law to warrant revocation of such license. A review of the evidence adduced before the board in this case shows that the board had

sufficient competent evidence before it to warrant the exercise of its power to revoke respondent's license. Its decision and order is therefore final and conclusive, and it was error for the trial court to annul the order of revocation.

The judgment is reversed.

Stephens, P. J., and Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1935.