[S. F. No. 1968.  Department One.—July 23, 1900.]

## H. J. HIPPEN, Respondent, v. A. B. FORD et al., Appellants.

MANDAMUS — LIQUOR LICENSE — COMPLIANCE WITH ORDINANCE — INSUFFICIENT SHOWING — TENDER — DEMAND.—A *mandamus* cannot be sustained to compel the issuance of a liquor license by municipal authorities, where there is no sufficient evidence of the petitioner's compliance with the requirements of the municipal ordinance providing for the issuance of such licenses, or tending to prove a tender by him of the money required for the license, and where there is neither averment, proof, nor finding of a demand by him for the license, or of facts showing that such demand would have been of no avail.

ID.—BURDEN OF PROOF—FINDINGS AGAINST EVIDENCE—APPEAL—REVERSAL OF JUDGMENT.—The burden of proving that the petitioner complied with the law, and took all the necessary steps required to

make it the duty of the municipal board to issue the license, is upon the petitioner; and if findings of such compliance are not sustained by the evidence, a judgment in his favor granting a writ of mandate must be reversed upon appeal.

APPEAL from a judgment of the Superior Court of San Mateo County.  George H. Buck, Judge.

The facts are stated in the opinion of the court.

Charles N. Kirkbride, and George C. Ross, for Appellants.

Charles G. Nagle, for Respondent.

COOPER, C.—This proceeding was brought for the purpose of obtaining a writ of mandate to compel the defendants, in their official capacity as the board of trustees of the city of San Mateo, to issue a license to petitioner for the sale of liquors at retail within said municipal corporation.  After trial judgment was entered in favor of petitioner that the writ issue as prayed for.  This appeal is from the judgment upon the judgment-roll and a bill of exceptions.  It appears from the record that the court below excluded all evidence except evidence of what was done by petitioner in presenting his application to the defendants, and as to the action of the defendants in their official capacity in relation thereto.  It must therefore appear that the petitioner complied with the law, and took all the necessary steps required in order to show that it was the duty of defendants to issue the license.  The burden of proving all the facts in issue necessary to make it the duty of defendants, as a board, to issue the license was upon petitioner.  The petitioner alleges that in making the application he duly complied with all the laws, rules, ordinances, and regulations of said municipality, and performed all and every requirement necessary under and by virtue of said laws, ordinances, rules, and regulations.  The court found in the language of the pleading that the petitioner in making his application duly complied with all the laws, ordinances, rules, and regulations of said city, and performed all the acts required of him to be performed under such laws, rules, and ordinances. Conceding that this finding is sufficient, and that it is a finding of facts and not of conclusions of law, it is not supported by the evidence.

The ordinance of the city introduced by petitioner, and upon which he relies, requires that each applicant for a license shall cause to be published in a newspaper published in the city of San Mateo, for not less than three successive issues of said newspaper immediately preceding any regular meeting of said board at which the application will be made, a notice that the applicant will apply at such regular meeting for a permit to obtain a license. The ordinance further prescribes the form of the notice, and that proof of the due publication thereof must be made by the affidavit of the publisher. There is nothing in the record to show that such notice or any notice was published in any paper, or that any proof was made by affidavit or otherwise of any publication in any manner of such notice. The ordinance further provides, as a condition upon which the license shall be issued, that the applicant shall accompany his application with a good and sufficient bond in the penal sum of one thousand dollars, containing certain prescribed conditions, with two sureties, each of whom shall be a resident and freeholder of said city of San Mateo, and neither of whom shall be an applicant for nor a holder of any permit or license under the ordinance; and that such bond shall be subject to the approval or rejection of the chairman of the board of trustees, and shall not be approved unless such chairman shall deem each of the sureties thereon sufficient for the whole penal sum of said bond. The bond introduced in evidence does not appear to have been approved by the chairman of the board or by anyone else. Neither is there any evidence in the record tending to show that the sureties in the bond possessed the qualifications required by the ordinance, or that any request was made of the chairman to approve the bond. It is alleged in the complaint and found by the court that petitioner tendered to defendants the sum of thirty dollars, the amount due for a license, under the ordinance. There is no evidence in any manner tending to prove such tender. There is no allegation in the petition, nor finding by the court, that the petitioner demanded of defendants that a license be issued to him. It was necessary to prove that a demand was made of defendants to issue the license, or, in case no demand

was made, it was necessary to allege and prove facts showing that such demand would have been of no avail.

The judgment should be reversed and the cause remanded, with directions to the court below to allow petitioner to amend his petition if so advised.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to allow petitioner to amend his petition.

Garoutte, J., Van Dyke, J., Harrison, J.