[Sac. No. 1235. Department Two.—April 4, 1905.]

## C. S. COTHRAN, Appellant, v. W. H. COOK, Auditor of Merced County, Respondent.

MANDAMUS TO COUNTY AUDITOR—SALARY OF JUSTICES OF THE PEACE—POPULATION OF TOWNSHIP—CENSUS — BURDEN OF PROOF. — Upon application by a justice of the peace for *mandamus* to the county auditor of Merced County to compel a warrant for a greater salary than the auditor had allowed, where the right of the applicant depends upon a population of the township in excess of that shown by the last census, the burden of proof is upon him to show a sufficient population to warrant the writ.

ID.—EVIDENCE—INVALID ORDINANCE BY SUPERVISORS — HEARSAY.—The board of supervisors have no power to declare the population of a township in excess of that shown by the last census, without a special census properly taken as a basis thereof; and an ordinance declaring an increased population without such census is ineffective and inadmissible in evidence. It is of no higher rank as evidence than hearsay.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge.

The facts are stated in the opinion.

B. S. Wilson, and J. F. McSwain, for Appellant.

Frank H. Farrar, for Respondent.

HARRISON, C.—*Mandamus.*

The appellant was the duly elected and acting justice of the peace of judicial township No. 3 of the county of Merced

from the first Monday after the first day of January, 1903, and performed the duties of that office during the month of April of that year. On the first day of May he demanded of the respondent, who was the auditor of that county, that he draw his warrant upon the treasurer in his favor for the sum of one hundred dollars, as payment of his salary during the month of April. Upon the refusal of the auditor to comply with his demand, except in the amount of seventy-five dollars, he instituted the present proceeding to compel the issuance of the warrant demanded by him. The superior court denied his application, and he has appealed from its judgment.

Merced County belongs to the thirty-ninth class of counties, and section 196 (subd. 13) of the County Government Act in force during the year 1903 (Stats. 1901, p. 773) provides that justices of the peace of counties of that class in townships having a population of more that thirty-five hundred shall receive a salary, for all services rendered by them in criminal cases, of one hundred dollars per month, payable monthly; and in townships having a population of less than thirty-five hundred and more than two thousand, seventy-five dollars per month.

At the hearing in the superior court, it was admitted that the census taken by the United States in 1900 showed the population of judicial township No. 3 to be 3,233, and that no census of its population had since been taken; that on June 12, 1901, said township was by an ordinance of the board of supervisors of the county divided, and that out of a portion of its territory another judicial township had been formed and had since existed as so formed. March 11, 1903, the board of supervisors passed the following ordinance, viz.:—

"An ordinance fixing and determining the population of judicial township No. 3, county of Merced, state of California.

"The board of supervisors of Merced County do ordain as follows: The population of judicial township No. 3 of the county of Merced, state of California, is by the board of supervisors of the county of Merced, state of California, found and declared to have been 3,525 on the 31st day of October, A. D. 1902, and it is further by said board found and declared that the population of said judicial township

No. 3 ever since said date has been and is now of a greater number than 3,525."

It was admitted that prior to the passage of this ordinance no petition had been presented to the board of supervisors for taking the census of said township for the purpose of ascertaining its population, and it was also admitted that the above ordinance was adopted without any census of said township having first been taken, and that the population thereof, as declared by said ordinance, was based solely and alone upon the opinions of the members of said board of supervisors as to what the population of said township then was. The petitioner offered the above ordinance in evidence, and upon the objection of the defendant that it was incompetent, irrelevant, and immaterial, and that the board of supervisors had no jurisdiction to pass an ordinance declaring the population of said township, without first causing a census thereof to be taken, it was excluded by the court.

Section 25 (subd. 12½) of the County Government Act then in force (Stats. 1897, p. 460) authorizes a board of supervisors under certain circumstances to cause the census of a township to be taken, and declares that upon compliance with the conditions therein stated such census shall be the "official" census of the township, but we have not been cited to any statutory provision under which a board of supervisors may determine or declare by its ordinance the population of a township without any previous census or enumeration of the inhabitants of such township; and it is very clear that without such authority an ordinance of that nature is entitled to no more consideration as evidence of the population of such township than would be a similar declaration by any other body of individuals. It would have no higher rank as evidence than hearsay. The action of the court in excluding the ordinance from evidence must therefore be sustained.

By the terms of the County Government Act the appellant was not entitled to receive a salary of one hundred dollars a month, unless the township for which he was elected had a population of thirty-five hundred. It was therefore an essential element in establishing his right to the relief which he seeks in this proceeding to show that the population of the township amounted to that number. The only evidence before

the court upon this point was that afforded by the census of 1900, which showed that in that year its population was only 3,233. There is no presumption that the population of the township was any greater during the month of April, 1903, or at the date of the aforesaid ordinance, than it was at the time of the census in 1900, and the admission that since that date another judicial township had been carved out of its territory would lead to the inference that the population, as shown by that census, had been diminished. Upon the evidence before the court it could have rendered no other judgment than to deny the plaintiff's application.

The right of the appellant to receive a salary of seventy-five dollars per month is not involved in this proceeding.

The judgment should be affirmed.

Gray C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Henshaw, J., Lorigan, J., Shaw, J.