[Civ. No. 3678.   Third Appellate District.—September 28, 1928.]

W. B. ATTKISSON, Respondent, v. THOMAS E. REY-
NOLDS, Appellant.

Thomas E. Reynolds for Appellant.

W. U. Goodman for Respondent.

PLUMMER, J.—This cause is before us upon motion of
the plaintiff and respondent to dismiss the defendant's ap-
peal.

The motion is based upon the county clerk's certificate
setting forth the following specifications, to wit:

"That said defendant and appellant has filed no request
to the clerk to prepare a transcript; that no proceedings
are pending for the settlement of a bill of exceptions and no
bill of exceptions has been prepared or filed and the time
for presenting and filing same has long since passed.

"That no proceedings for the preparation of a transcript, under section 953a of the Civil Code of Procedure, are pending and no such proceeding was ever instituted and the time to institute same has long since expired.

"That no motion for a new trial was ever made and that the time for making such motion for a new trial has long since expired."

As authority for the motion, attention is called to Rules 5 and 6 of rules governing practice in the supreme court and district court of appeal of the state of California, in effect on and after September 1, 1928. By reason of the omission of the clerk's certificate, as hereinafter pointed out, it is only necessary to consider the application of the last sentence of Rule 6, which reads: "It shall be encumbent upon the party moving to dismiss to show by such certificate or by affidavit, that no proceeding for a bill of exceptions or transcript under section 953a, is pending in the trial court, and if no such proceeding was ever instituted, that the time to institute the same has expired." The first paragraph of section 953a of the Code of Civil Procedure, after providing for the filing of a notice with the clerk specifying the particular matters which the applicant desires to have set forth in a transcript on appeal, fixes the time ·for giving the notice to the clerk in these words: "Said notice must be filed within ten days after notice of entry of the judgment, order or decree, or if a proceeding on motion for new trial be pending, within ten days after notice of decision denying said motion, or other termination thereof." From the time of the adoption of this paragraph of section 953a, of the Code of Civil Procedure, until the year 1927, the question of whether notice to the clerk to prepare a transcript on appeal had or had not been given in time, was being presented to appellate courts and the determination of whether the notice required by the section to prepare a transcript had been given on time was always clouded with the uncertainty as to whether the appellant had or had not given notice or whether notice was waived of the entry of the judgment, order, or decree from which the appeal was being taken. In order to settle this vexed question, the legislature, by an act approved April 4, 1927 [Stats. 1927, p. 86], added a new section to the Code of Civil Procedure, to be known as section 953d, which reads as fol-

lows: "Any notice of entry of judgment or order granting or denying a motion for a new trial required by the provisions of section 650, section 659 or section 953a of this code must be given in writing unless written notice thereof be waived in writing or by oral stipulation made in open court and entered in the minutes." By this section of the Code of Civil Procedure all the motions heretofore decided on the presumption that the appellant had had notice of the entry of judgment or of the order appealed from are rendered inapplicable. A definite method is now provided by which appellate courts are to be governed in ascertaining whether a moving party has placed himself in position to terminate the litigation by having the appeal of the opposite party summarily dismissed. ■ In order to fix the time within which the notice to prepare the transcript should be given, as provided in section 953a of the Code of Civil Procedure, the successful party in the trial court must comply with section 953d of the same code and see to it that all uncertainty in this particular has been removed. The last sentence of Rule 6 governing this court to which attention has been called requires that the moving party shall present to us proof that the time to give notice to prepare a transcript on appeal has expired. ■ This brings us to a consideration of the three paragraphs set forth in the clerk's transcript, made the basis of the appellant's motion. There is nothing in the clerk's certificate showing that the notice required to be given by the last sentence of section 953a of the Code of Civil Procedure, has been given, nor is there anything in the clerk's certificate showing that the provisions of section 953d of the Code of Civil Procedure have been complied with. The certificate does not show that any notice has been given in writing, nor does it show the entry of any oral stipulation made in open court and entered in the minutes thereof, or otherwise, as required by said section. The conclusion in the first paragraph of the clerk's certificate that "the time for presenting and filing same has long since passed," is not a statement of the facts required to be set forth by section 953d of the Code of Civil Procedure. It is merely the conclusion of the certifying clerk, whose attention may not have been called to the recent act of the legislature. Whether the time has or has not expired within which the

transcript on appeal may be prepared in this case, has not been made to appear either by the clerk's certificate or by any affidavit, and not having been made to appear, as required by the rules of this court and the sections of the code to which we have referred, it follows that the respondent's motion to dismiss the appeal herein must be denied, and it is so ordered.

Finch, P. J., and Hart, J., concurred.