[L. A. No. 10882. In Bank.—January 25, 1929.]

C. W. GRIFFIN et al., Respondents, v. A. H. KENT, Appellant.

John B. Hass and John D. Home for Appellant.

Knight & Goddard for Respondents.

WASTE, C. J.—Judgment for the plaintiffs was entered in this action on January 23, 1928. A motion for new trial, made and brought on for hearing on February 27th, was denied by the court on March 1, 1928. Notice of appeal from the judgment and from the denial of a new trial was filed on March 5th, and the defendant filed a bond to stay execution pending appeal.

Notice to the clerk of intention to appeal and requesting that a transcript be made up and prepared was not given until October 5, 1928, seven months after the notice of appeal was filed; but the court reporter completed a transcript of the proceedings and filed it with the clerk of the trial court on the fifteenth day of June. The clerk at once mailed to the attorneys for each of the parties a notice stating that the transcript had been filed and would be presented to the judge who conducted the trial on the twenty-second day of June. On that day, no objections being offered, the judge settled and approved the transcript. On September 5, 1928, the plaintiffs, as respondents, filed in this court a notice of motion to dismiss the appeal on various grounds, the substance of which was that the defendant and appellant had failed and neglected to comply with the pro-

visions of section 953a of the Code of Civil Procedure, and that the transcript was not filed with the clerk of the supreme court, as prescribed by the rules. The motion came on regularly for hearing in this court on October 8th. On that day the appellant offered, and there were filed in this court, a clerk's transcript which had been prepared by the clerk of the lower court two days before, and the reporter's transcript already referred to. The certificate of the clerk of the trial court discloses that no steps were taken by the respondents in the court below to terminate proceedings for the preparation of a record on appeal.

In making the motion to dismiss, the respondents have entirely overlooked the recent amendment to the Code of Civil Procedure, which provides that the notice of entry of judgment or of order denying a motion for a new trial, required by the provisions of section 953a of the same code, "must be given in writing, unless written notice thereof be waived in writing, or by oral stipulation made in open court and entered upon the minutes." (Code Civ. Proc., sec. 953d, added by Stats. 1927, p. 86.) Notice of the order denying the motion for a new trial was not given in this case, and there is nothing to show that such notice was waived in the manner required by the statute. The precise situation here presented, and the application of the new section, was before the district court of appeal when this motion to dismiss was made, and the decision was rendered just before the submission of the question here. It disposes of the motion to our entire satisfaction. On the authority of *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686], the motion to dismiss is denied.

Shenk, J., Richards, J., Seawell, J., Preston, J., Langdon, J., and Curtis, J., concurred.