[Civ. No. 6469. Second Appellate District, Division One.—March 19, 1929.]

CASSIE E. SMITH, Respondent, v. HENRY V. WALL, Appellant.

Newby & Newby and Dee Holder for Appellant.

*Fulton & Fulton and John M. Fulton for Respondent.*

HOUSER, J.— This is a motion to dismiss an appeal from a judgment rendered by the superior court, on the ground that the transcript of the record was not filed within the time prescribed "by law."

By section 1 of Rule I of the rules of the supreme court and the district courts of appeal it is provided that, in a civil action, within forty days after an appeal is perfected the appellant must "serve and file the printed transcript of the record. . . . " If "not filed within the time prescribed, the appeal may be dismissed, . . . " (Sec. 1, Rule V.)

From the affidavit presented in support of the motion herein it appears that for a period aggregating considerably more than forty days after appellant served and filed his notice of appeal and immediately next preceding the filing of the notice of motion to dismiss herein, the appellant failed to comply with the rule to which reference has been had. In reply thereto respondent to this proceeding in effect admits the truth of the statements as shown by the affidavit of the moving party; but in defense presents the additional fact that no notice of the entry of judgment was ever given to him in writing, nor was such "written notice waived in writing or by oral stipulation made in open court and entered in the minutes, . . . ," as provided by section 953d of the Code of Civil Procedure. With the exception that at the time of presentation of the motion herein, by oral statement of the attorney representing the moving party to the effect that after the judgment had been entered a stipulation was entered into between the parties "as to the settling of the bill of exceptions"—the facts with reference to

the failure of the moving party to comply with the requirements set forth in said section 953d of the Code of Civil Procedure are not attempted to be controverted in any way.

In the case of *Griffin* v. *Kent*, 206 Cal. 263 [274 Pac. 56], on practically identical facts as are here presented, a motion to dismiss an appeal was denied. To the same effect is *Attkisson* v. *Reynolds*, 94 Cal. App. 185 [270 Pac. 686]. It follows that in the instant matter similar action should be taken by this court. Accordingly, it is ordered that the motion to dismiss the appeal be and it is denied.

Conrey, P. J., and York, J., concurred.