[L. A. No. 11186. In Bank.—June 18, 1929.]

STERLING CORPORATION (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

McGee & Sumner for Petitioner.

Arthur E. Koepsel for Respondents.

SEAWELL, J.—Petitioner, Sterling Corporation, seeks by *mandamus* to compel Honorable Elias V. Rosenkranz, as judge *pro tempore* of the Superior Court of the County of Los Angeles, to settle and allow a stenographic reporter's transcript, as provided in section 953a of the Code of Civil Procedure, for use upon appeal in an action wherein the said court rendered judgment against it as defendant and thereafter denied its motion for a new trial. Petitioner alleges that the trial judge refused to certify the transcript because he was of the view that petitioner had failed to comply with the provision of section 953a which requires a party appealing to file with the clerk a request for the transcript within ten days after notice of decision denying the motion for a new trial.

Petitioner alleges that at the time it filed the request for the transcript with the clerk no written notice of the order denying the new trial had been served upon it, and that by virtue of section 953d of the Code of Civil Procedure, enacted in 1927 (Stats. 1927, p. 86), the ten-day period allowed by section 953a would not begin to run until *written* notice of the termination of the new trial proceedings had been served upon it, unless written notice thereof had been waived in writing or by oral stipulation made in open court and entered in the minutes, which was not the case here. Since the filing of the petition herein, this precise point has been determined in petitioner's favor by this court in *Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56], followed by the district court of appeal in *Smith* v. *Wall,* 97 Cal. App. 674 [275 Pac. 983]. Prior to the decision of this court another division of the district court of appeal had reached a similar conclusion in *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686].

*Riggs* v. *Guedemann,* 94 Cal. App. 217 [270 Pac. 1001], cited by respondent, was decided without reference to the provisions of section 953d, and on the authority of decisions rendered prior to the enactment of said section, in which decisions it was held that the filing of a notice of appeal from a judgment or order denying a new trial furnishes record evidence of actual notice of the judgment or order,

and in such a case the ten-day period to request a transcript commences to run from the date of the filing of the notice of appeal, although no written notice of the entry of judgment or order has been served on the party appealing. (*Estate of Keating*, 158 Cal. 109 [110 Pac. 109]; *Fiske* v. *Gosbey,* 168 Cal. 334 [143 Pac. 611]; *Spear* v. *Monroe,* 181 Cal. 728 [186 Pac. 149].) Section 953d has abrogated the rule of law announced in said decisions. (*Griffin* v. *Kent, supra; Attkisson* v. *Reynolds, supra; Smith* v. *Wall, supra.*) Furthermore, if this were not the case, the rule of said decisions relied on by respondent is not applicable in the instant case, for the notice of appeal, as quoted in the reply to the petition, does not afford record evidence of actual notice of the order denying a new trial. Petitioner had ten days from the date of notice of the termination of the new trial proceedings to file a request for a transcript. The notice of appeal from the judgment was filed after the motion for a new trial had been denied, but it makes no reference to the new trial proceedings. It furnishes record evidence of actual knowledge of the entry of judgment, but not of the termination of the new trial proceedings.

We conclude that the petition states facts which justified the issuance of the alternative writ, and that petitioner would now be entitled to the issuance of the peremptory writ if it had substantiated by proof the allegation of the petition that no written notice of the order denying the new trial had been served upon it. This it has failed to do. It alleges that "no notice as required by said section (953d) was ever served on petitioner, and there was no waiver of notice by either of the methods mentioned in said section." In the reply and return to the writ this allegation is controverted by an allegation that "notice of denial of motion for new trial was served on September 25, 1928," which was six days after the motion had been denied, according to the allegations of the reply. In this event, the ten-day period commenced to run on September 25th, and had expired when petitioner filed its request for a transcript on November 17, 1928. The reply to the writ admits that an affidavit of service of said notice of denial of motion for a new trial was not filed with the clerk until December 1, 1928, which was after petitioner had filed its request for a transcript. But if the notice had in fact been served, the ab-

sence from the Clerk's files of an affidavit would not enlarge the rights of petitioner. Petitioner introduced no evidence in support of its allegation of nonservice when the matter came on for hearing in this court, nor did it stipulate with respondent as to the facts, but instead it joined with respondent in submitting the matter on the pleadings and papers on file. The burden is upon the petitioner in a mandate proceeding to prove every fact that lies at the foundation of his proceeding (*Cothran* v. *Cook*, 146 Cal. 468 [80 Pac. 699]; *Hippen* v. *Ford*, 129 Cal. 315 [61 Pac. 929]), excepting such allegations of the petition as are admitted by the answer, and where the answer to the alternative writ states a defense to the petition, the peremptory writ will not be issued until the issues of fact have been disposed of.

*Attkisson* v. *Reynolds, supra,* relied on by petitioner, in which it was held that the burden was upon the appellee, rather than the appellant, to show that written notice had been given as required by section 953d, involved a motion to dismiss made by the appellee, upon whom the burden rested, as moving party, to present facts justifying a dismissal of the appeal. Here the appellant has initiated a proceeding to compel the trial judge to settle the transcript in order that it may better prosecute its appeal, and the burden was upon it to establish the facts entitling it to the relief claimed.

Writ discharged.

Richards, J., Shenk, J., Preston, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.