[Civ. No. 7012. Second Appellate District, Division One.—June 20, 1930.]

MAX SCHNEIDER et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

LeRoy Reames and James R. Jaffray for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

YORK, J.—The petitioners here were defendants in an action brought in the Municipal Court of Los Angeles County, wherein judgment was rendered on March 13, 1929, in favor of the plaintiff. Said plaintiff caused execution to issue thereon, together with an order for examination of petitioners as judgment debtors. Petitioners then moved to vacate said order for examination, also to quash execution, to set aside the judgment and enter a different judgment and to set aside the conclusions of law and to enter different conclusions. Each of said motions was denied by the court, and on June 18, 1929, defendants (petitioners) filed notice of appeal from such ruling.

On August 16, 1929, the plaintiff in the Municipal Court action and respondent in the Superior Court appeal, made a motion to dismiss the appeal upon the ground that no bill of exceptions or record on appeal had been prepared. This motion was denied by the Superior Court. Thereafter, to wit, on September 19, 1929, plaintiff and respondent served notice upon defendants and appellants that he would move the court, on September 26, 1929, for an order dismissing the appeal upon the same grounds supporting the first motion—that of August 16th. This motion was submitted upon a certified copy of the notice of appeal filed in the Municipal Court and upon no other record or certificate from the clerk, and under date of October 18, 1929, said motion to dismiss was granted by the Superior Court.

Appellants in that action then presented their petition to this court and an alternative writ of mandate was issued. Petitioners in said application allege that no notice of entry of the order of the Municipal Court denying their four motions was ever given by the plaintiff to the said petitioners, or either of them, and they maintain that section 953d of the Code of Civil Procedure, added to the code in 1927, now provides a definite method by which

appellate courts are to be governed in ascertaining whether a moving party has placed himself in a position to terminate litigation by having the appeal of the opposite party dismissed.

Section 953d of the Code of Civil Procedure provides as follows: "Any notice of entry of judgment, or of order granting or denying a motion for a new trial, required by the provisions of section 650, section 659, or section 953a of this code, must be given in writing unless written notice thereof be waived in writing or by oral stipulation made in open court and entered in the minutes."

Respondents, in their amended answer to the alternative writ of mandate issued herein, set forth the minute order of the Municipal Court, entered at the time of the hearing upon the motions above referred to, in which it is shown that *notice was waived.*

Petitioners in their reply brief do not deny that notice was waived, but content themselves with setting forth a long list of questions, which, they assert, the examination of the record of the Municipal Court would require to be answered. They further confuse the issue by their assertion in their reply brief of the right to prepare a record under section 651 of the Code of Civil Procedure, in which case section 953d, *supra,* would be inapplicable. An examination of section 651, *supra,* will disclose the fact that exceptions to any decision made after judgment may be presented to the judge *at the time of such decision* for settlement, as provided by section 649 of the same code, *or a bill thereof may be presented and settled afterward,* *as provided by section 650* . . . By this it will be noted that petitioners by their failure to present their exceptions to the judge at the time of decision, could thereafter avail themselves only of the method prescribed by section 650, which section is specifically covered by section 953d, *supra.*

In the cases relied upon by petitioners in support of their position, *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686], and *Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56], the court stated: "The certificate does not show that any notice had been given in writing, nor does it show the entry of any oral stipulation made in open court and entered in

the minutes thereof, or otherwise, as required by said section." (Sec. 953, Code Civ. Proc.)

Since the minute order of the Municipal Court shows waiver of notice and that fact is not denied by the petitioners, the dismissal was properly made by the respondent court upon the second motion made for that purpose.

The petition for a peremptory writ is denied and the alternative writ is discharged.

Conrey, P. J., and Houser, J., concurred.