[Civ. No. 7794. Second Appellate District, Division One.—July 17, 1931.]

D. G. KLING et al., Appellants, v. KIMBALL PUMP COMPANY, INC. (a Corporation), Respondent.

D. G. Kling and W. P. Hyatt, *in pro. per.*, for Appellants.

Freston & Files for Respondent.

THE COURT.—Respondent moved to dismiss the appeal from the judgment entered in the court below upon the ground that appellants did not file their proposed bill of exceptions or make service thereof within the period prescribed by law. The record shows that after the entry of judgment plaintiffs duly presented their motion for new trial, which motion was denied on June 26, 1930. It does not appear that the defendant ever gave notice in writing of the order denying said motion for a new trial, or that writ-

ten notice thereof has been waived in writing or by oral stipulation made in open court and entered in the minutes in accordance with the provisions of section 953d of the Code of Civil Procedure.  According to section 650 of said code the time limited for preparing and serving a bill of exceptions begins to run with the date of notice of the order denying the motion for a new trial, or other determination thereof, when such motion has been made. By reason of these code provisions it has been held, and is now the established rule, that where the record stands in the condition hereinabove stated in respect to this case, a motion like that here presented should be denied. (*Sterling Corp.* v. *Superior Court*, 207 Cal. 370 [278 Pac. 859]; *Griffin* v. *Kent*, 206 Cal. 263 [274 Pac. 56].) To avoid the effect of the foregoing decisions respondent contends that section 650 of the Code of Civil Procedure, as amended in 1929, by implication repeals section 953d of the Code of Civil Procedure in so far as this section was previously applicable to bill of exceptions. We are of the opinion that there is no such repeal intended or accomplished.

The motion to dismiss the appeal is denied.