[Civ. No. 8002. Second Appellate District, Division One.—November 6, 1931.]

MABEL L. SHULTZ, Appellant, v. L. O'ROURKE et al., Respondents.

John J. McMahon and Jesse Gyger for Appellant.

Holland & Holland for Respondents.

CONREY, P. J.—Respondents presented a motion for dismissal of the appeal, on the ground that the time for filing transcript had expired and no transcript had been filed at the time of serving and filing the notice of motion; and upon the further ground that the questions raised by appellant had become moot.

After the entry of judgment appellant duly presented a motion for new trial, which motion was denied. The

record fails to show that any written notice of the termination of the new trial proceedings has been served, or that such written notice has been waived by writing, or by oral stipulation entered in the minutes. It follows that the time allowed by law for presenting the record on appeal had not expired when the transcripts were filed. (*Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686] ; *Sterling Corp.* v. *Superior Court,* 207 Cal. 370 [278 Pac. 859].) It should be further noted that the transcripts were on file when the motion was presented in this court.

We are unable to satisfy ourselves that the questions which may be raised by appellant in further prosecution of her appeal are entirely moot. There seems to be at least one phase of the controversy upon which a decision in favor of appellant might be of value to her. We refer to the matters contained in the record which affect the question of default upon which the validity of a sale under a certain trust deed may depend. It is not appropriate that we should now look into the merits of the question, when the case is before us only upon a motion to dismiss the appeal.

The motion to dismiss the appeal is denied.

Houser, J., and Bishop, J., *pro tem.,* concurred.