[Civ. No. 11432.   Second Appellate District, Division One.—August 19, 1937.]

CORA A. BEST, Petitioner, v. LEWIS HOWELL SMITH, as Judge, etc., Respondent.

Edwin F. Franke for Petitioner.

Everett W. Mattoon, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

YORK, J.—This matter comes before us upon a hearing after return was made to an alternative writ of mandate, which writ required respondent to settle or to show cause why he had not settled the transcript on appeal in the case

of *Best* v. *Clark,* No. D–145,080, Superior Court of Los Angeles County. ■ Among the objections urged to the certification of the transcript on appeal was that no request for the same was filed with the clerk within ten days after service and filing of the notice of appeal, as required by section 953a, Code of Civil Procedure. This objection is without merit, for the reason that no written notice of the entry of judgment was ever served upon petitioner, as is required by section 953d of the Code of Civil Procedure; and further, because the filing of the notice of appeal does not constitute a waiver of notice of the entry of the judgment. (*Sterling Corp.* v. *Superior Court,* 207 Cal. 370, 371 [278 Pac. 859]; *Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56]; *Smith* v. *Wall,* 97 Cal. App. 674 [275 Pac. 983]; *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686].) Therefore, the time has not as yet started to run.

■ The answer to the petition for the writ of mandate herein shows that the clerk of the superior court has already certified to a judgment roll containing everything asked for by petitioner in her request for transcript, not even excluding the opinion of the trial judge. ■ The opinion of the trial judge is not a part of the record on appeal. (*Estate of Finkler,* 7 Cal. (2d) 97 [59 Pac. (2d) 801]; *McLeod* v. *McMahon,* 14 Cal. App. (2d) 565 [58 Pac. (2d) 699].) It therefore appears that there is nothing for the trial court to settle, as he has no authority to certify to the clerk's transcript. (*Beck* v. *Barnes,* 129 Cal. App. 187, at 190 [18 Pac. (2d) 749].) In the circumstances here shown, the alternative writ should not have been granted.

The petition for writ of mandate is denied, and the alternative writ of mandate is discharged.

Doran, J., concurred.

Houser, P. J., did not participate in the foregoing decision.