[Civ. No. 11275.   First Appellate District, Division One.—January 11, 1940.]

JOHN SAVAGE, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Joseph T. Curley and Marvin C. Hix for Petitioner.

Matthew Brady, District Attorney, Edward M. Leonard, Assistant District Attorney, for Respondents.

KNIGHT, J.—Petitioner seeks a writ of mandate to compel the settlement of a bill of exceptions proposed by petitioner after having taken an appeal from a judgment rendered by the respondent court in the exercise of its juvenile court jurisdiction.

The judgment was rendered in a proceeding instituted by petitioner as guardian of the estates and persons of two orphaned children named Dorothy and Bernard Jones, wherein petitioner asked that the children be declared wards of the court. At that time the children were aged fourteen and ten years respectively, and for approximately a year and a half had been living with petitioner and his wife at their home in San Francisco. Petitioner was present at the court hearings which took place as the result of the filing of the petition in the juvenile court, and he was also represented by an attorney. At the final hearing and before the cause was submitted he asked leave to withdraw his petition and to dismiss the proceeding, but his request was denied; whereupon and on March 29, 1939, the court adjudged the children to be wards of the court and committed them to the custody of the chief probation officer, thereby removing the children from the home of petitioner and depriving him of their future care and custody. Judgment was entered accordingly, and within sixty days thereafter, to wit, on May 25, 1939, petitioner served and filed notice of appeal therefrom. However, no written notice of the entry of the judgment was ever served on petitioner or his attorney, nor did either of them in writing, or by oral stipulation made in open court and entered in the minutes, or otherwise, ever waive such written notice; and on September 11, 1939, petitioner filed his draft of a bill of exceptions. The draft had been served on the district attorney before it was filed, but no amendments thereto were proposed; and during the month of October, 1939, the draft was presented to the judge of said court for settlement, with the result that he refused to take any action toward the settlement thereof. In addition to the foregoing facts and incidental thereto it may be stated that about the time petitioner appealed from said judgment he sought by way of *habeas corpus* to have the judgment annulled; but after a hearing and on August 10, 1939, the *habeas corpus* proceeding was by this court dismissed upon the grounds that the juvenile court was

not wanting in jurisdiction to hear and determine the proceeding; that the judgment entered therein was in legal form, and that petitioner was afforded adequate remedy by way of appeal from the judgment to have reviewed the question of the sufficiency of the evidence and any assignments of error or irregularities which he claimed were committed during the trial court proceedings. (*In re Jones*, 34 Cal. App. (2d) 77 [93 Pac. (2d) 185].)

■ The question now presented for determination is whether the respondent court was justified in refusing to settle the bill upon the ground that it was not filed within the time allowed by law; and after having examined the record we are of the opinion that the question must be answered in the negative. Section 650 of the Code of Civil Procedure provides: "Where . . . a party desires to have exceptions taken at such trial settled in a bill of exceptions, he may, at any time thereafter, and within twenty (20) days after service upon him of written notice of entry of the judgment . . . or within such further time as the court . . . may allow, prepare and file with the clerk of the court the draft of a bill. . . . " Section 953d of the same code declares that "Any notice of entry of judgment . . . required by the provisions of section 650 . . . of this code, must be given in writing, unless written notice thereof be waived in writing or by oral stipulation made in open court and entered in the minutes." And in construing and applying the foregoing code provisions it has been definitely held that the time mentioned in section 650, within which an appellant shall file the draft of his bill, does not begin to run until he is served with written notice of the entry of judgment or such notice is waived in the manner specified in said section 953d. (See *Rinaldo* v. *Board of Medical Examiners*, 123 Cal. App. 712 [12 Pac. (2d) 32], and cases cited therein, to which may be added *Benson* v. *Gardner*, 14 Cal. (2d) 526 [95 Pac. (2d) 136], and *Kling* v. *Kimball Pump Co., Inc.*, 115 Cal. App. 517 [1 Pac. (2d) 998].) Here, as stated, no written notice of the entry of judgment was ever served on petitioner or his attorney, nor did either of them in writing or by oral stipulation made in open court or otherwise ever waive such written notice. Therefore, under the established rule of the cases to which

reference has been made, petitioner was not in default on September 11, 1939, when he filed the draft of his bill.

As shown by the return filed in response to the alternative writ, and by the brief submitted in support of the return, the refusal to settle the bill was based principally upon the claim that petitioner was present in court at the time of the rendition of the judgment, and that therefore no written notice of the entry thereof was necessary to charge him with notice of its entry. In view of the decisions above mentioned, the position so taken by respondents is not tenable. As pointed out therein, the provisions of said section 953d are mandatory; hence the mere presence of the appealing party in court at the time of the rendition of the judgment is legally insufficient to meet the mandatory requirements of said section or to take the case out of the operation thereof. In addition thereto it must be shown that an oral stipulation was made by him in open court and entered in the minutes of the court waiving the giving of written notice of the entry of judgment. The strictness with which those statutory directions are enforced is emphasized in numerous cases decided since the enactment of section 953d in 1927, wherein it is held that on account of the mandatory terms thereof, even the filing of the notice of appeal from the judgment does not constitute a waiver of the written notice of the entry of judgment. Among those cases are the following: *Sterling Corp.* v. *Superior Court,* 207 Cal. 370 [278 Pac. 859]; *Best* v. *Smith,* 22 Cal. App. (2d) 363 [71 Pac. (2d) 78]; *Rinaldo* v. *Board of Medical Examiners, supra; Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56]; *Attkisson* v. *Reynolds,* 94 Cal. App. 185 [270 Pac. 686]; *Benson* v. *Gardner, supra.*

Respondents make the further contention that the judgment from which petitioner is appealing was rendered in accordance with the prayer of the petition filed by him, and consequently that he cannot be deemed to be an ''adverse party'' such as entitled him to written notice of the entry of judgment. It is evident, however, that the question of whether the judgment as entered operated to his prejudice is one that must be determined on the appeal; and since petitioner, by appealing therefrom, claims that such was the effect thereof, he is entitled to present the appeal on a record to be

settled in conformity with the provisions of the statute and the facts of the case.

It is ordered, therefore, that a peremptory writ of mandate issue herein directing the respondent court to consider the proposed bill filed by petitioner and to settle the same in accordance with the facts.

Peters, P. J., and Ward, J., concurred.