[Civ. No. 12979. Second Appellate District, Division Two.—February 20, 1941.]

BENJAMIN FINK, Plaintiff and Appellant, v. WILLIAM WEISMAN et al., Defendants; HERBERT L. LANTIN, Respondent; WILLIAM AUSTIN CALLAHAN et al., Interveners and Appellants.

Harry C. Mabry for Appellants.

Maurice Rose for Respondent.

McCOMB, J.—This is a motion by respondent to dismiss the appeal upon the ground that neither a clerk's nor reporter's transcript nor engrossed bill of exceptions has been filed in this court, and that the time within which to prepare and file the same has elapsed.

The record discloses that judgment was entered in favor of respondent's assignor February 6, 1934. On September 6, 1939, an order was entered by the trial court directing that execution issue on said judgment. From that order, November 4, 1939, appellants filed notice of appeal to this

court. The record also discloses that neither a clerk's nor reporter's transcript nor engrossed bill of exceptions has been filed in this court or requested in the superior court.

 At the time of the hearing of the present motion appellants offered to oppose the same upon the ground that notice of entry of the order from which an appeal had been taken was not served upon them in writing, nor had they waived notice of the same in writing or by oral stipulation made in open court and entered in the minutes of the court in conformity with the provisions of section 953d of the Code of Civil Procedure. (See, also, *Sterling Corporation* v. *Superior Court,* 207 Cal. 370, 371 [278 Pac. 859].) Respondent objected to our considering appellants' opposition to his motion, for the reason that the latter had not served and filed at least ten days prior to the hearing, in writing, their opposition to the motion, as required by rule XX, section 3, Rules for Supreme Court and District Courts of Appeal (213 Cal. lii, as amended by the Judicial Council October 5, 1932, effective November 5, 1932).

Respondent's objection is valid, and we will not consider appellants' opposition to respondent's motion. Since appellants have failed to file in this court either a reporter's or clerk's transcript or an engrossed bill of exceptions within the time prescribed by law, their appeal must be dismissed.

The present case well illustrates the reason for requiring counsel to strictly comply with the provisions of rule XX, section 3, *supra,* for it appears from a certified copy of an affidavit of service filed in this court February 14, 1941, that on September 6, 1939, written notice of the entry of the order from which appeal is here taken was actually served upon appellants, but that an affidavit of service of the notice was not filed in the office of the clerk of the superior court until January 22, 1941. Had counsel for appellants complied with the provisions of the rule above mentioned, this fact would have been brought to the attention of respondent, who in turn would have been prepared to direct this court's attention at the hearing to the fact of service of written notice of entry of the order from which appeal is taken, thus obviating argument upon a point which was moot.

For the reasons above stated the motion to dismiss the appeal is granted and the appeal is dismissed.

Moore, P. J., and Wood, J., concurred.