[Civ. No. 12100.   First Dist., Div. Two.   May 29, 1942.]

JULIUS NEUSTED, Respondent, v. JOSEPH SKERNS-WELL, Appellant.

Marcel E. Cerf, Robinson & Leland for Appellant.

Joseph A. Brown and A. E. Cross for Respondent.

STURTEVANT, J.—The defendant, Joseph Skernswell, has appealed from an order of the trial court terminating proceedings on appeal in the above entitled action. On the 26th day of May, 1941, the trial court entered an interlocutory decree in a partition proceeding in favor of the plaintiff. In that judgment it appointed a referee to state the account between the parties. It also appointed a receiver, made an allowance of $750 attorney fees in behalf of the plaintiff's attorney, and awarded costs in the sum of $239.52

in favor of the plaintiff. The defendant made a motion for a new trial. That motion was denied on July 10, 1941. The defendant filed a notice of appeal from the judgment on July 18, 1941. Except as hereinafter noted the plaintiff never, in compliance with section 953d of the Code of Civil Procedure, served a notice in writing notifying the defendant that an order denying a new trial had been made, nor did the defendant, in writing or by oral stipulation, waive said notice. However, on September 3, 1941, the plaintiff served and filed a notice of motion to terminate proceedings. In support of his motion he served and filed an affidavit of Joseph A. Brown, Esq., his attorney. On September 12, 1941, the trial court granted the motion terminating proceedings. That is the order from which the defendant has appealed.

■ The defendant recites the foregoing facts and contends that the plaintiff never complied with the provisions of section 953d of the Code of Civil Procedure and therefore the trial court erred in granting the motion. He cites and relies on the following decisions: *Attkisson* v. *Reynolds,* 94 Cal. App. 185, 187 [270 Pac. 686]; *Kling* v. *Kimball Pump Co., Inc.,* 115 Cal. App. 517 [1 P. (2d) 998]; *Griffin* v. *Kent,* 206 Cal. 263 [274 Pac. 56]; *Savage* v. *Superior Court,* 36 Cal. App. (2d) 521 [97 P. (2d) 990]. Those authorities clearly sustain his contention. (*Benson* v. *Gardner,* 14 Cal. (2d) 526, 528, 531 [95 P. (2d) 136].) In reply the plaintiff quotes from the above mentioned affidavit ''and that defendants made a motion for a new trial, which was denied and . . .'' He contends that said recital was notice in writing in compliance with the statute as early as September 3, 1941, but the order appealed from was dated September 12, 1941. It is apparent that the defendant did not have the ten days' notice to which he was entitled. If the plaintiff would rely on the recital contained in said affidavit it is manifest that he should have renewed his motion. The defendant could not be deprived of his ten day notice. (*Fink* v. *Weisman,* 43 Cal. App. (2d) 153, 154 [110 P. (2d) 484].)

The order appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.