CONLAN, J. pro tem.
This matter is a motion to dismiss the appeal of the plaintiff from an order of the municipal court granting a new trial.
It was noticed for hearing before this appellate department of the superior court on August 17th, 1945, and is made upon two grounds, viz;—
1. That appellant has been guilty of gross laches in the prosecution of the appeal; and
2. That appellant by his laches and conduct has abandoned the appeal.
The record shows that the judgment was entered in favor of the plaintiff on August 19th, 1943, for $1,500 damages and $176.45 costs and that on August 26th, 1943, defendants filed notice of intention to move for a new trial. Thereafter and on the 14th day of October, 1943, Judge Kaufman made an order granting the motion of defendants for a new trial upon the insufficiency of the evidence unless, within ten days from October 14th, 1943, plaintiff should file a written consent to a reduction of the verdict and judgment to $750. Plaintiff never filed any consent to said reduction. On November 13th, 1943, the plaintiff filed a notice of appeal from the order granting a new trial.
It appears from the record in the municipal court that plaintiff on December 3d, 1943, had his time to file his proposed bill of exceptions extended by order of the trial court to January 2d, 1944.
It does not appear from the record that defendants ever served on the plaintiff or filed a notice of the granting of the motion for a new trial (which is the order herein appealed from) as provided for in section 953d of the Code of Civil Procedure.
It does not appear from the record that the defendants at any time ever took any steps in the trial court to terminate proceedings before or after making this motion to dismiss the appeal.
We are of the opinion that prior to September 15th, 1945, it was the duty of the defendants and respondents to make a motion in the trial court to terminate proceedings and show in the trial court that the defendants had complied with the provisions of section 953d of the Code of Civil Procedure, *982 and, that the plaintiff had not within the time provided by law filed and served upon the defendants and respondents his proposed bill of exceptions.
In this regard we refer to the case of Corporation of America v. Jeanne Abrams (opinions by Dooling, pro tem. judge, filed January 4, 1939), numbers 1260 and 1261 of the Appellate Department of the Superior Court in and for the City and County of San Francisco. Judge Dooling, in his opinions, discusses many cases on this point and particularly the case of Curtin v. Ingle, 155 Cal. 53 [99 P. 480].
With reference to the point discussed on argument of the instant appeal, i. e.: did the appellant have sufficient legal notice that a judgment has been rendered against him when he appealed from the same, we are of the opinion that, while it cannot be argued that he did not have actual notice that a judgment has been rendered against him, the law then required that notice be given him as provided in the Code of Civil Procedure (see. 953d) before the time began to run against him to prepare and file his proposed bill of exceptions.
Section 953d of the Code of Civil Procedure reads as follows:
“953d. (Notice of Entry of Judgment or Order.) Any notice of entry of judgment, or order granting or denying a motion for a new trial, required by the provisions of Section 650, Section 659 or Section 953a of this Code must be given in writing, unless written notice thereof be waived in writing or by oral stipulation made in open court and entered in the minutes.”
In this regard defendants and respondents urge the point that plaintiff and appellant had actual notice of the order granting the new trial and that such notice appears in the proceedings for an alternative writ of mandate which is stated in the opinion in the case of Ertman v. Municipal Court, 68 Cal.App.2d 143 [155 P.2d 908, 156 P.2d 940].
There can be no question but that plaintiff and appellant herein had actual notice of the order granting the new trial, and, it so appears in the proceedings in Ertman v. Municipal Court, supra, as well as by the fact that he (plaintiff and appellant herein) filed a notice of appeal therefrom.
The authorities, however, rule otherwise and cite with approval the case of Attkisson v. Reynolds, infra, which states the reasons therefor.
The record shows that on December 3, 1942, the plain *983 tiff and appellant filed an order extending his time to file proposed bill of exceptions to January 2, 1944.
Thereafter plaintiff and appellant commenced the proceedings in Ertman v. Municipal Court, 68 Cal.App.2d 143 [155 P.2d 908, 156 P.2d 940].
The record in the Ertman v. Municipal Court case shows the meandering course of the plaintiff and appellant only to be cast back to the starting place. We quote from the opinion as follows:
“Nourse, P. J.—The petitioner sought a writ of mandate to compel the respondent to issue a writ of execution upon a judgment which was set aside by an order granting a new trial. The petition attacked the validity of the order granting a new trial. The respondent defended the order and raised the separate defense that petitioner had an adequate remedy by appeal. A minute order denying the petition was entered and from this order the petitioner has appealed.
“Petitioner as plaintiff had a verdict upon a trial to a jury in the municipal court. The defendants’ motion for a new trial was granted on the ground of insufficiency of the evidence by an order signed by Judge Kaufman on October 6, 1943, with directions to his clerk to file it on October 14th, unless the judge directed him otherwise. Judge Kaufman then left the State of California and was in Mexico on the day of October 14th. The order was filed on that day. It was a conditional order granting the motion for a new trial unless the plaintiff within ten days thereafter consented to a reduction of the verdict. The sixtieth day, or the last day upon which the motion for a new trial could have been granted under section 660 of the Code of Civil Procedure, was October 19th. Hence the effect of the conditional order was to attempt to give the plaintiff five additional days within which to consent to a reduction of the verdict. The petitioner took an appeal to the superior court from the order granting a new trial and moved to vacate it in the municipal court upon grounds which were thereafter pleaded in his petition for a writ of mandate. The motion was denied and the record is silent as to further proceedings on the motion and on the appeal from the order granting a new trial.”
We quote from the syllabus in the Ertman v. Municipal Court case, as follows:
Judges—Where Powers May Be Exercised.—While a judge cannot grant a motion for new trial during the time *984 that he is outside the territorial limits of the state, it seems that such an order is valid if it is signed and delivered to the clerk while the judge is within the state, although it may not be filed until after he has left the state.
New Trial—Conditional Orders — Validity. — An order granting a defendant a new trial unless plaintiff consented to a reduction of the verdict, although invalid insofar as it gave plaintiff time to make the election on a day subsequent to the 60-day period prescribed by Code Civ. Proc., § 660, was without prejudice to plaintiff where he did not make an election to remit at any time.
Mandamus—Appeal—Presumptions.—When the court to which a petition for writ of mandate is addressed in the first instance determines that petitioner has another adequate remedy, its decision that the writ should not issue is, like any other judgment, subject to appeal to a reviewing court, but, like other judgments, it carries the presumption of regularity, though open to attack for error. In the absence of a contrary showing, it will be presumed that the trial court denied the writ because it found that petitioner had an adequate remedy by appeal.
 Id.—Discretion. — Mandamus is not a writ of right, but one of discretion.
Id.—Existence op Other Remedy.—The fact that a legal remedy has been lost either by neglect or delay does not require the granting of a writ of mandate.
We are of the opinion that appellant is excused from laches for the reason that the defendant never did comply with the provisions of section 953d of the Code of Civil Procedure, and, that prior to September 15th, 1945, never did make a motion to terminate proceedings.
In Peebler v. Olds, 26 Cal.2d 656 [160 P.2d 545], paragraph 2, starting on page 659, it was held that the law in force prior to September 15th, 1945, governs in appeals taken before the time the new Rules for Appeals from the Municipal Court took effect, i. e.: September 15th, 1945.
As it will be hereinafter discussed it will be noted that the clerk of the municipal court, either before or after September 15th, 1945, never gave any notice to these contending parties that there was an entry of an order of the trial court’s granting a new trial upon the conditions hereinabove referred to.
It was the duty of defendant and respondent prior to September 15th, 1945, to terminate proceedings in the trial *985 court in order to start the time of plaintiff and appellant to run for the preparation and filing of his proposed bill of exceptions.
Plaintiff and appellant cites the case of Neusted v. Skernswell (1942), 52 Cal.App.2d 366 [126 P.2d 371].
In the Neusted ease the defendant made a motion for a new trial. The motion was denied on July 10th, 1941. The plaintiff filed a notice of appeal from the judgment on July 18th, 1941. The plaintiff never, in compliance with section 953d of the Code of Civil Procedure, served a notice in writing notifying the defendant that an order denying a new trial had been made, nor did the defendant, in writing or by oral stipulation, waive said notice. The plaintiff on September 3d, 1941, served and filed a notice to terminate proceedings. On September 12th, 1941, the trial court granted the motion terminating proceedings. The District Court of Appeal held that the defendant could not be deprived of the ten days’ notice to which he was entitled and reversed the order appealed from (which was the order terminating proceedings) . It is stated in the opinion that plaintiff relied upon the fact that in the affidavit of Joseph A. Brown, Esq., his attorney, which was filed in support of his motion to terminate proceedings, the affidavit stated (in part) as follows:
“. . . And that defendants made a motion for a new trial, which was denied and . . .”.
The opinion further states:
“He contends that said recital was notice in writing in compliance with the statute as early as September 3, 1941, but the order appealed from was dated September 12th, 1941. . . . If the plaintiff would rely on the recital contained in said affidavit it is manifest that he should have renewed his motion.”
We have had the record of the trial court in the Neusted case examined (case number 294014 in the Superior Court in and for the City and County of San Francisco) and this record shows that on June 6, 1944:
“Notice of Intention, Motion for a new trial” was filed and that on July 10th, 1944, “Motion for New Trial denied.”
The Neusted opinion does not hold, as plaintiff and appellant contends, that regardless of the fact that the losing party appeals from such an order made by the trial court that the prevailing party nevertheless must comply with the provisions of section 953d of the Code of Civil Procedure. The *986 opinion seems to indicate that if the respondent (Neusted) were to renew the motion to terminate upon proper notice that the above mentioned quotation from the Brown affidavit might be sufficient notice to the defendant and respondent Neusted to comply with the provisions of said sections 953d and 650 of the Code of Civil Procedure.
The Neusted case merely holds that the defendant was entitled to ten days ’ notice, which he did not get, and, that if the plaintiff desired to rely upon the recital in the Brown affidavit as being sufficient to meet the legal requirements of section 953 of the Code of Civil Procedure he was privileged to renew the motion to terminate proceedings by giving defendant the required ten days’ notice.
The Neusted case does not hold that, if proper notice were given, that the District Court of Appeal would hold that the recital in the Brown affidavit was sufficient to meet the legal requirements of section 953d of the Code of Civil Procedure.
In the ease of Attkisson v. Reynolds, 94 Cal.App. 185 [270 P. 686] (Sept. 28th, 1928) there was a motion made by plaintiff and respondent to dismiss the defendant’s appeal.
(In this regard it will be noted that the defendant filed a notice of appeal in the Attkisson case, and, in the instant case, the plaintiff filed a notice of appeal from the order granting a new trial. In both these cases the prevailing and satisfied parties did not comply with the provisions of section 953d of the Code of Civil Procedure and made the respective motions, i. e.: a motion to terminate proceedings in the Neusted case and a motion to dismiss in the Attkisson ease).
The opinion in the Attkisson case states in part:
“ (1) In order to fix the time within which the notice to prepare the transcript should be given, as provided in section 953a of the Code of Civil Procedure, the successful party in the trial court must comply with section 953d of the same code and see to it that all uncertainty in this particular has been removed. The last sentence of Rule 6 governing this court to which attention has been called requires that the moving party shall present to us proof that the time to give notice to prepare a transcript on appeal has expired.”
Also see Kling v. Kimball Pump Co., 115 Cal.App. 517 [1 P.2d 998],
As will hereinafter appear we are of the opinion that whether or not the new Rules on Appeal from the Municipal Court, effective September 15th, 1945, require a notice of the *987 entry of an order granting a new trial to be served by the satisfied party (as provided in section 953d of the Code of Civil Procedure) upon the dissatisfied party in order to start the time running to prepare and file a bill of exceptions as to such ruling the record in the instant case now on appeal does not show that the clerk of the municipal court at any time or at all ever notified the plaintiff and appellant herein of the filing of the order granting the new trial.
Defendant and respondent also contends that the Rules on Appeal from Municipal Court in Civil Cases, effective September 15th, 1945, relieves the prevailing party from serving notice as provided in section 953d of the Code of Civil Procedure.
We find nothing in these rules which in any way are in conflict with section 953d of the Code of Civil Procedure except perhaps, that in rule 3(a) it is provided that if an appeal is taken from an order granting a new trial the respondent may appeal from the judgment within ten days after the mailing of the notification by the clerk.
It will be noted that in these Rules on Appeals from the Municipal Court in civil appeals the parties other than the appellant shall be notified by the clerk of the court of the decision of the court when a new trial is granted.
The notice of the clerk of the trial court merely puts the parties other than the appellant on notice that the notice of appeal has been filed to an order granting a new trial.
In this regard there is not anything in the record which shows compliance by the clerk of the municipal court of the new rule; i. e.: that he notified either of the parties of the conditional order of the new trial being granted.
Defendant and respondent contends that the rule contended for by appellant which was in effect prior to September 15th, 1945, is not only unjust and absurd, but has been specifically abrogated by statute.
The Supreme Court and the District Courts of Appeal have, no doubt, considered the unjustness and absurdity of this question in the cases herein referred to and have adopted the conclusions reached in the Attkisson v. Reynolds case, infra, which state the law in effect prior to September 15th, 1945.
Defendant and respondent further contends that no motion to terminate proceedings was necessary because (1) “there are no proceedings for a record pending” etc., and (2) “that *988 the Code section relative to the dismissal of appeals requires no such procedure as a condition precedent to the dismissal of an appeal.”
Answering the second point firstly the cases cited herein conclusively show that the motion to terminate proceedings in the lower court was the proper and accepted practice prior to September 15th, 1945. Answering the first point secondly it is sufficient to say that the record shows that plaintiff and appellant procured a court order extending the time to January 2d, 1944, and, the record does not show, by a termination of proceedings, or that the plaintiff and appellant did not have his time extended by stipulation prior to September 15th, 1945, by stipulation or order of court.
The case of Benson v. Gardner (October 26, 1939) 14 Cal. 2d 526 [95 P.2d 136], states, in part, as follows:
“In other words, section 953a provides that the notice requesting the preparation of the transcript must be filed ‘. . . within ten (10) days after notice of entry of the judgment . . .’, and it is well settled that the period of time thereby fixed does not begin to run until written notice of the entry of judgment is given or waived in the manner specified by section 953d of the same code, and that the filing of notice of appeal does not constitute a waiver of such notice. (|Griffin v. Kent, 206 Cal. 263 [274 P. 56] ; Attkisson v. Reynolds, 94 Cal.App. 185 [270 P. 686] ; Smith v. Wall, 97 Cal. App. 674 [275 P. 983] ; Best v. Smith, 22 Cal.App.2d 363 [71 P.2d 78] ; Sterling Corporation v. Superior Court, 207 Cal. 370 [278 P. 859].) (5) Therefore, since the provisions of section 953a are available in taking an appeal of this kind, it cannot be held that the appellant herein is in default, because, under the authorities hereinabove cited, the period of time fixed by said section within which he may initiate proceedings to procure a transcript does not begin to run until respondents serve their notice of entry of the judgment, or such notice is waived in the manner provided by section 953d. Accordingly the motion to dismiss should be denied, and it is so ordered.”
In Averill v. Lincoln, 24 Cal.2d 761 [151 P.2d 119] (August 22d, 1944), it is stated:
“Gibson, C. J.—This is an application by appellants, under rule 53(b) of the Buies on Appeal, for relief from default occasioned by their failure to comply with that provision of rule 7(b) which requires service, as well as filing, of a notice of election to proceed on a settled statement on appeal.
*989 “1. The new rules constitute a fundamental departure from the old procedure in the following respects: (1) Fixed periods are specified for the performance of the various steps in preparing the record, and when the allotted time has elapsed the appellant is in default. (Buies 4-7.) (2) The trial court has authority to extend time for limited periods, and has no power to extend if the time has already expired. (Buie 45(b).) (3) The appellate court alone has power to grant additional extensions of time and to relieve from default. (Buies 45(c) and 53(b).)
“As a result of these changes, the motion to terminate proceedings for a record has disappeared from our procedure. If the specified time and allowable extensions have elapsed, the appeal will be dismissed under rule 10(a) unless the appellate court grants relief. As stated above, respondents moved to strike the proposed statement because of appellants’ failure to comply with the provision of rule 7(b) requiring service of a preliminary notice of election to proceed by way of settled statement.”
This case holds that “the motion to terminate proceedings for a record has disappeared from our procedure.”
To epitomize our conclusions we believe the defendant' and respondent was duty bound, prior to September 15th, 1945, to terminate proceedings in the trial court before he was entitled to prevail in this motion to dismiss the appeal; and, that since September 15th, 1945, no laches can be attributed to the plaintiff and appellant sufficient to show that the appeal should be dismissed.
This motion to dismiss the appeal is denied.
Griffin, P. J., concurred.